OPINION OF THE COURT
Joseph Harris, J.
Defendant moves for an inspection of the Grand Jury minutes and dismissal of the indictment upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offense charged or any lesser included offense.
Defendant is charged with one count of attempted grand larceny in the second degree in violation of section 110.00 of the Penal Law as defined in section 155.35 of the Penal Law. The indictment alleges that on August 10, 1978, at the New York State Republican Committee Headquarters, defendant made a threat to the Executive Director of said New York State Republican Committee, one Donald Mack, to "expose certain alleged criminal acts and official misconduct perpetrated by a certain high-ranking elected official of the State of New York by turning over certain information to members of said official’s opposition political party unless he was given a $25,000.00 per year 'no show’ job with the New York State Government, said job to run for a period of three (3) years.”
Defendant alleges that the evidence before the Grand Jury was legally insufficient to support the charge of attempted grand larceny in the second degree or any lesser included offense, contending that the crime of larceny requires that a person wrongfully take, obtain or withhold property from an "owner” thereof (Penal Law, § 155.05, subd 1), and inasmuch as the owner of the property in question, to wit, the "no show” job, is the State of New York and not the Republican State Committee, there can be no attempted grand larceny from a person or entity of property which is not his and in which he has no lawful interest.
Subdivision 1 of section 155.05 of the Penal Law defines *730 larceny as follows: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
Larceny includes a wrongful taking, obtaining or withholding of another’s property, with the requisite intent, by extortion (Penal Law, § 155.05, subd 2, par [e]). Section 155.05 (subd 2, par [e]) of the Penal Law, in pertinent part, defines extortion as follows: "A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will * * * (iv) Accuse some person of a crime or cause criminal charges to be instituted against him”.
A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime (Penal Law, § 110.00). An attempt to commit the crime of larceny by extortion consists of an intent to commit the crime coupled with a material overt act towards its commission. (People v Gardner, 144 NY 119; see People v Bauer, 32 AD2d 463.)
Larceny does not require that the wrongful means employed to acquire the sought-after property be leveled directly at the owner thereof. Where there is a special relationship between the person to whom larcenous conduct is directed and the owner of property, of such a nature that such person can reasonably be considered in a position to effectuate the nefarious demand if he is willing, the larceny statute is applicable. No reasonable observer of the contemporary scene can deny that such a special relationship exists between major party political committees and government with respect to public jobs (or at least a jury could so find).*
The remaining question is whether the conduct allegedly engaged in by defendant sufficiently tended to effect the commission of grand larceny in the second degree to constitute an attempt thereof.
*731 To constitute an attempt an overt act must go beyond the stage of mere preparation. (People v Bracey, 41 NY2d 296; People v Rizzo, 246 NY 334.) While the act need not be the final one towards the completion of the crime, it must "carry the project forward within dangerous proximity to the criminal end to be attained.” (People v Bracey, supra, p 300; People v Werblow, 241 NY 55, 61.)
In the present case, defendant allegedly made an extortionary threat to the Executive Director of the Republican State Committee. It was made at a time (during the heat of the 1978 gubernatorial campaign), and was of such a nature (threatened exposure of alleged criminal acts and official misconduct on the part of a high-ranking elected Republican official), that the threat of making such charges, whether true or untrue, could reasonably be calculated to cause irreparable injury to the political entity to which conveyed, and could give the defendant a reasonable expectation that his demand would be met. This expectation of course bore no fruit, and defendant’s demand was not met, because Mr. Mack refused to knuckle under to the threat, regardless of its viability. Instead he reported the incident to the New York State Police and consented to being wired with a transmitting device, as a result of which the defendant was arrested and the present indictment returned. Thus the intended crime of grand larceny in the second degree was not consummated. However, the defendant’s alleged actions sufficiently tended to effect his criminal purpose to constitute attempted grand larceny in the second degree.
The crime of attempted larceny by extortion is complete upon the making of the extortionary threat with the attendant intent to commit the crime of larceny. It is no defense that the crime attempted was, "under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be” (Penal Law, § 110.10). It is no defense that the consummation of the larceny was prevented nor that the alleged victim was not instilled with fear and did not act upon the defendant’s threat. (People v Gardner, 144 NY 119, supra; People v Bauer, 30 AD2d 463, supra.)
In fact, the conduct of the defendant constituted everything the defendant could have done on his part to effect commission of the intended larceny. This conduct, accompanied by *732 the requisite intent, was clearly, under section 110.00 of the Penal Law, an attempt to commit the crime of grand larceny in the second degree by extortion.
The court has reviewed the Grand Jury minutes and finds them legally sufficient to establish the commission by the defendant of the offense charged in the indictment or of lesser included offenses. Accordingly, the defendant’s motion to dismiss the indictment for insufficiency of the evidence before the Grand Jury is denied.

 The law recognizes the reality of the existence of this special relationship between political parties and public officials in sections of the Penal Law proscribing "bribe giving for public office” (Penal Law, §§ 200.40, 200.45). Under these sections a person is guilty of bribe giving for public office when, inter alia, he confers money upon an officer of a political party in order to be appointed to a public office. The law of larceny equally does not ignore the reality of this special relationship where extortion is utilized instead of a bribe to gain a public office.