■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN ZACCARO, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Thorp, J.), dated April 20, 1987, as granted that branch of the defendant's omnibus motion which was to dismiss the third count of the indictment for lack of geographical jurisdiction.

Ordered that the order is affirmed insofar as appealed from.

In the third count of a three-count indictment, the defendant was charged with attempted grand larceny in the second degree by extortion *(see,* Penal Law former §§ 155.35, 155.05 [2] [e] [ix]; § 110.00). Because none of the conduct constituting elements of the charged offense occurred in Queens County, the indictment alleged that geographical jurisdiction to prosecute in Queens County existed pursuant to CPL 20.40 (2) (a) which confers jurisdiction to the courts of a county when: "Even though none of the conduct constituting such offense may have occurred within such county * * * [t]he offense committed was a result offense and the result occurred in such county".

The "result of an offense" is defined in CPL 20.10 (3) as follows: "When a specific consequence, such as the death of a victim in a homicide case, is an element of an offense, the occurrence of such consequence constitutes the 'result' of such offense. An offense of which a result is an element is a 'result offense' ".

Underlying the third count of the indictment was the allegation that the defendant attempted to compel and induce CableVision Systems Development Corporation (hereinafter CableVision) to deliver a sum of money in excess of $1,500 by instilling in the executives of that corporation a fear that if the money was not so delivered, he would cause CableVision's application for a cable television franchise in Queens County to be disapproved, an act calculated to materially harm that corporation in its business and financial condition *(see,* Penal Law § 155.05 [2] [e] [ix]).

The indictment alleges, and the People argue, that the material harm to CableVision caused by the disapproval of its application for a cable television franchise constitutes the "result" of the alleged crime of attempted grand larceny by extortion. This result, they contend, occurred in Queens County, thereby supporting the invocation of "result jurisdiction" pursuant to CPL 20.40 (2) (a).

However, the crime of attempted larceny by extortion is complete upon the making of the extortionary threat coupled with the intent to commit larceny (see, People v Gardner, 144 NY 119; People v Slocum, 97 Misc 2d 728, 731; see also, People v Bauer, 32 AD2d 463, 469, affd 26 NY2d 915). There is no requirement that a defendant actually carry out, or even attempt to act on, his threat. Thus, the accomplishment of the extortionary threat is not an element of the crime charged and, manifestly, cannot be the specific consequence or "result" of that offense.

Moreover, even assuming, without deciding, that an attempted crime can be a "result offense" (cf., People v Fea, 47 NY2d 70, 77), the only conceivable specific consequence or result of the crime of attempted grand larceny in the second degree by extortion that is an element of that crime would be obtaining property by extortion (cf., People v Crean, 115 Misc 2d 996, 1001). Nowhere is there an allegation that the money sought to be obtained was to be delivered in Queens County. Finally, it should be noted that CableVision's headquarters are located in Nassau County, and any loss felt by that corporation upon paying the allegedly extorted sum would be sustained in that county, and not Queens County.

Accordingly, that branch of the defendant's motion which was to dismiss the third count of the indictment was properly granted. Bracken, J. P., Niehoff, Rubin and Spatt, JJ., concur.