THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES RIZZO, Appellant, Impleaded with Others.

Crimes — attempt to commit robbery — construction of section 2 of Penal Law defining attempt to commit crime — defendants who planned intended robbery and started to look for victim but never reached him improperly convicted of attempt to commit robbery.

1. In constructing section 2 of the Penal Law, providing that " an act done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime,' " the law has recognized that many acts in the way of preparation are too remote to constitute the crime of attempt. The line has been drawn between those acts which are remote and those which are proximate and near to the consummation. The law considers those acts only as tending to the commission of the crime which are so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference.

2. Defendants, therefore, who had planned and started in an automobile to commit a robbery but were arrested before they had found or reached the presence of the person they intended to rob, were not guilty of the crime of attempt to commit robbery in the first degree, and their conviction for that crime was improper. It cannot be said that their acts came so near the commission of robbery that there was reasonable likelihood of its accomplishment but for the interference.

*People* v. *Rizzo*, 221 App. Div. 353, reversed.

(Argued October 17, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 24, 1927, which affirmed a judgment of the Bronx County Court entered upon a verdict convicting the defendant of the crime of attempted robbery in the first degree.

*James F. Donnelly, Mark Eisner* and *Merwin Lewis* for appellant. The evidence failed to establish the crime

of attempted robbery. (*People v. Sullivan,* 173 N. Y.
122; *People v. Werblow,* 241 N. Y. 55; *People v. Sobieskoda,*
235 N. Y. 411; *People v. Collins,* 234 N. Y. 355; Bishop
Crim. Law [9th ed.], §§ 770, 771; *Booher v. State,* 156
Ind. 435; *People v. Moran,* 123 N. Y. 254; *People v.
Sullivan,* 173 N. Y. 122; *Brennon v. State,* 25 Ind. 403;
*Hall v. People,* 171 Ill. 540; *McCloskey v. People,* 5 Park.
Cr. Rep. 299; *People v. Hall,* 6 Park. Cr. Rep. 642.)

*John E. McGeehan, District Attorney (George B.
De Luca, I. J. P. Adlerman* and *Herman J. Fleiderblum*
of counsel), for respondent. The evidence was sufficient
to establish an attempted robbery. (*People v. Gardner,*
144 N. Y. 119; *People v. Spolasco,* 33 Misc. Rep. 22;
*People v. Moran,* 123 N. Y. 254; *People v. Sullivan,*
173 N. Y. 122; *Commonwealth v. Peaslee,* 177 Mass. 267;
*State v. Hurley,* 64 Atl. Rep. 78; *People v. Stites,* 75 Cal.
570; *U. S. v. Stephens,* 12 Fed. Rep. 52; *People v. Bush,*
4 Hill, 133; *McDermott v. People,* 5 Park. Cr. Rep. 102;
*People v. Lawton,* 56 Barb. 126; *People v. O'Connell,*
60 Hun, 109.)

CRANE, J. The police of the city of New York did
excellent work in this case by preventing the commission
of a serious crime. It is a great satisfaction to realize
that we have such wide-awake guardians of our peace.
Whether or not the steps which the defendant had taken
up to the time of his arrest amounted to the commission
of a crime, as defined by our law, is, however, another
matter. He has been convicted of an attempt to commit
the crime of robbery in the first degree and sentenced to
State's prison. There is no. doubt that he had the
intention to commit robbery if he got the chance. An
examination, however, of the facts is necessary to deter-
mine whether his acts were in preparation to commit
the crime if the opportunity offered, or constituted a
crime in itself, known to our law as an attempt to commit

robbery in the first degree. Charles Rizzo, the defendant, appellant, with three others, Anthony J. Dorio, Thomas Milo and John Thomasello, on January 14th planned to rob one Charles Rao of a payroll valued at about $1,200 which he was to carry from the bank for the United Lathing Company. These defendants, two of whom had firearms, started out in an automobile, looking for Rao or the man who had the payroll on that day. Rizzo claimed to be able to identify the man and was to point him out to the others who were to do the actual holding up. The four rode about in their car looking for Rao. They went to the bank from which he was supposed to get the money and to various buildings being constructed by the United Lathing Company. At last they came to One Hundred and Eightieth street and Morris Park avenue. By this time they were watched and followed by two police officers. As Rizzo jumped out of the car and ran into the building all four were arrested. The defendant was taken out from the building in which he was hiding. Neither Rao nor a man named Previti, who was also supposed to carry a payroll, were at the place at the time of the arrest. The defendants had not found or seen the man they intended to rob; no person with a payroll was at any of the places where they had stopped and no one had been pointed out or identified by Rizzo. The four men intended to rob the payroll man, whoever he was; they were looking for him, but they had not seen or discovered him up to the time they were arrested.

Does this constitute the crime of an attempt to commit robbery in the first degree? The Penal Law, section 2, prescribes, " An act, done with intent to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime.' " The word " *tending* " is very indefinite. It is perfectly evident that there will arise differences of opinion as to whether an act in a given case is one *tending* to commit a crime. " Tending "

means to exert activity in a particular direction. Any act in preparation to commit a crime may be said to have a tendency towards its accomplishment. The procuring of the automobile, searching the streets looking for the desired victim, were in reality acts tending toward the commission of the proposed crime. The law, however, has recognized that many acts in the way of preparation are too remote to constitute the crime of attempt. The line has been drawn between those acts which are remote and those which are proximate and near to the consummation. The law must be practical, and, therefore, considers those acts only as tending to the commission of the crime which are so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference. The cases which have been before the courts express this idea in different language, but the idea remains the same. The act or acts must come or advance very near to the accomplishment of the intended crime. In *People* v. *Mills* (178 N. Y. 274, 284) it was said: " Felonious intent alone is not enough, but there must be an overt act shown in order to establish even an attempt. An overt act is one done to carry out the intention, and it must be such as would naturally effect that result, unless prevented by some extraneous cause." In *Hyde* v. *U. S.* (225 U. S. 347) it was stated that the act amounts to an attempt when it is so near to the result that the danger of success is very great. " There must be dangerous proximity to success." Halsbury in his " Laws of England " (Vol. IX, p. 259) says: " An act, in order to be a criminal attempt, must be immediately, and not remotely, connected with and directly tending to the commission of an offence." *Commonwealth* v. *Peaslee* (177 Mass. 267) refers to the acts constituting an attempt as coming *very near* to the accomplishment of the crime.

The method of committing or attempting crime varies

in each case so that the difficulty, if any, is not with this rule of law regarding an attempt, which is well understood, but with its application to the facts. As I have said before, minds differ over proximity and the nearness of the approach. (*People* v. *Collins*, 234 N. Y. 355; *People* v. *Sobieskoda*, 235 N. Y. 411; *People* v. *Werblow*, 241 N. Y. 55.)

How shall we apply this rule of immediate nearness to this case? The defendants were looking for the payroll man to rob him of his money. This is the charge in the indictment. Robbery is defined in section 2120 of the Penal Law as " the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence, or fear of injury, immediate or future, to his person; " and it is made robbery in the first degree by section 2124 when committed by a person aided by accomplices actually present. To constitute the crime of robbery the money must have been taken from Rao by means of force or violence, or through fear. The crime of attempt to commit robbery was committed if these defendants did an act tending to the commission of this robbery. Did the acts above describe come dangerously near to the taking of Rao's property? Did the acts come so near the commission of robbery that there was reasonable likelihood of its accomplishment but for the interference? Rao was not found; the defendants were still looking for him; no attempt to rob him could be made, at least until he came in sight; he was not in the building at One Hundred and Eightieth street and Morris Park avenue. There was no man there with the payroll for the United Lathing Company whom these defendants could rob. Apparently no money had been drawn from the bank for the payroll by anybody at the time of the arrest. In a word, these defendants had planned to commit a crime and were looking around the city for an opportunity to commit it, but the opportunity fortunately never came. Men

would not be guilty of an attempt at burglary if they had planned to break into a building and were arrested while they were hunting about the streets for the building not knowing where it was. Neither would a man be guilty of an attempt to commit murder if he armed himself and started out to find the person whom he had planned to kill but could not find him. So here these defendants were not guilty of an attempt to commit robbery in the first degree when they had not found or reached the presence of the person they intended to rob. (*People* v. *Sullivan*, 173 N. Y. 122, 135.)

For these reasons, the judgment of conviction of this defendant, appellant, must be reversed and a new trial granted.

A very strange situation has arisen in this case. I called attention to the four defendants who were convicted of this crime of an attempt to commit robbery in the first degree. They were all tried together upon the same evidence, and jointly convicted, and all sentenced to State's prison for varying terms. Rizzo was the only one of the four to appeal to the Appellate Division and to this court. His conviction was affirmed by the Appellate Division by a divided court, two of the justices dissenting, and we have now held that he was not guilty of the crime charged. If he were not guilty, neither were the other three. As the others, however, did not appeal, there is no remedy for them through the court; their judgments stand, and they must serve their sentences. This of course is a situation which must in all fairness be met in some way. Two of these men were guilty of the crime of carrying weapons, pistols, contrary to law, for which they could be convicted. Two of them, John Thomasello and Thomas Milo, had also been previously convicted, which may have had something to do with their neglect to appeal. However, the law would fail in its function and its purpose if it permitted these three men whoever or whatever they are to serve

a sentence for a crime which the courts subsequently found and declared had not been committed. We, therefore, suggest to the district attorney of Bronx county that he bring the cases of these three men to the attention of the Governor to be dealt with as to him seems proper in the light of this opinion.

The judgment of the Appellate Division and that of the County Court should be reversed and a new trial ordered.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.