■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER DI STEFANO, Appellant.—Upon remittitur from the Court of Appeals, judgment, Supreme Court, New York County, rendered August 31, 1973, convicting defendant, after a jury trial, of conspiracy in the second degree and attempted robbery in the second degree, and sentencing defendant to concurrent indeterminate terms of imprisonment not to exceed three years, unanimously modified, on the law, to reverse and dismiss the attempted robbery count, and otherwise affirmed, and the case remitted to the sentencing court for resentencing. Upon appeal to this court from the judgment of conviction, we reversed the convictions on both counts, granted the motion to suppress certain evidence obtained through a wiretap on April 17, 1972, and dismissed the indictment (45 AD2d 56). In view of our conclusion that the motion to suppress should have been granted, we were not required to determine whether sufficient evidence of guilt existed. However, we noted that the evidence was insufficient to sustain the charge of attempted

robbery in the second degree *(People v Rizzo,* 246 NY 334). The Court of Appeals (38 NY2d 640) held that the wiretap evidence was not improperly obtained and, therefore, was admissible. However, the Court of Appeals agreed with our view that the evidence did not support the conviction of attempted robbery. The Court of Appeals modified our order to the extent of reversing so much of it which granted the motion to suppress and reversed defendant's conviction for conspiracy in the second degree. The Court of Appeals remitted the case to us for review of the facts. Upon review, we found no new matters were raised. Since almost three years have elapsed since conviction, during which period defendant has been on parole, we remit the case for resentencing on the conspiracy conviction. Concur— Kupferman, J. P., Murphy, Nunez and Lynch, JJ.