OPINION OF THE COURT
Gloria Goldstein, J.
The corporate defendants J.R. Cooperage Co., Inc. (Corporation) and Gustave Rosenberg, president of the corporation, were indicted for the crimes of unlawful dealing in hazardous wastes in the first degree, in violation of ECL 71-2717, and unlawful dealing in hazardous wastes in the second degree in violation of ECL 71-2715. Following a jury trial, both the corporate and individual defendants were found guilty of the crime of unlawful dealing in hazardous wastes in the second degree, under the second count contained in the indictment.
Defendants now move, pursuant to CPL 290.10 and 330.30, for a trial order of dismissal and for an order setting aside the verdict.*
*223 The statute under which defendants were convicted reads as follows:
“No person shall:
“1. With intent that another person possess or dispose of hazardous wastes without authorization, solicit, request, command, importune or otherwise attempt to cause such other person to engage in such conduct” (ECL 71-2715).
The indictment charged that defendants solicited Red Ball Sanitation Service Co. (Red Ball), its regular trash hauler, to remove certain hazardous wastes from its place of business. It was the contention of the defendants that there was absolutely no evidence that, on the date alleged in the indictment, they solicited, requested, commanded, importuned, or otherwise attempted to cause Red Ball to possess or dispose of hazardous waste.
Evidence at trial established that on December 13, 1983, a team of representatives of various departments of the City of New York (Sanitation, Environmental Protection, Police, Fire and Investigation) uncovered drums containing hazardous waste in a dumpster on the premises of the corporate defendant. The dumpster had theretofore been left by Red Ball at the corporation’s place of business for waste removal. The arrangement between Red Ball and defendants was that Red Ball would remove the contents of the dumpster only after receiving a pickup order from defendants, rather than on a regularly scheduled basis. Since 1977, only one pickup had been made without a specific request from the corporate defendant and, on that occasion, defendant Rosenberg took exception, complaining that the pickup was improper and should not have been made. No evidence was offered at the trial by the People to establish that either the corporate defendant or its president placed any pickup order with Red Ball between the time of the prior pickup and December 13, 1983, the date on which the drums were found inside the dumpster. Indeed, the only trial evidence established that neither defendant made any such request.
In the absence of any evidence whatever to establish that either defendant ever requested Red Ball to pick up the hazardous waste found on December 13, 1983, the court finds the existing trial record insufficient to support a conviction under ECL 71-2715.
By virtue of the working agreement between Red Ball and the defendants, and in the absence of a specific request by defendants, Red Ball was under no obligation and, in fact, was *224 directed not to haul the contents of the dumpster from the corporate premises. The facts and circumstances surrounding this arrangement were uncontroverted at trial and, indeed, are conceded by the People. Similarly, the fact that no request of any nature, whether specific or otherwise, was ever made by defendants to Red Ball, to “possess or dispose of” the wastes involved, was also uncontroverted at trial and conceded by the People.
ECL 71-2715 specifically requires that the defendants actively “solicit, request, command, importune or otherwise attempt to cause” another person to perform the proscribed activity. These essential elements are clearly lacking, for the proof adduced totally failed to show any soliciting, requesting, or other efforts to effect the waste removal.
The language, “solicit, request, command, importune or otherwise attempt to cause”, is found in identical form in the criminal solicitation sections of the Penal Law. Interpreting this language, the Court of Appeals has stated that “an attempt at communication which fails to reach the other person may also constitute the offense for the concluding clause ‘or otherwise attempt to cause such other person to engage in such conduct’ would seem literally to embrace as an attempt an undelivered letter or message initiated with the necessary intent” (People v Lubow, 29 NY2d 58, 62). Accepting the proposition that even an unsuccessful attempt to commit the unlawful solicitation would suffice to convict, the trial evidence in the case at bar fails to meet the required statutory burden. The vital proof missing is the proof of an attempt. Had there been any showing of an unsuccessful attempt — whether it be an undelivered message or a telephone message initiated but never delivered — the verdict could stand. The People’s proof, however, fails to establish even an attempted communication or, for that matter, any attempt — solicitation or otherwise — to cause Red Ball to unlawfully possess or dispose of the hazardous waste in issue.
While it may well be that the investigators’ raid on the corporate plant prevented the defendants from ever requesting Red Ball to possess or dispose of the hazardous waste, the fact remains that defendants’ actions, up to the point of the raid, did not constitute such an attempt. “[T]he law does not permit [speculation] as to what might have actually occurred but for the arrival or presence of the police” (People v Ciardullo, 106 AD2d 14, 20). The court’s function is to determine “whether or not the steps taken by the defendant amounted to the commission of a crime, as defined by our law” (People v Ciardullo, supra, at p 20). The direction taken by the courts of New York is that mere *225 preparation without more does not constitute an attempt. Illustrative of this proposition is People v Rizzo (246 NY 334), a case in which defendant was found not guilty of attempted robbery, notwithstanding the fact that he was admittedly searching for his victim when arrested. Similarly, in People v Pollaci (68 AD2d 71) and People v Ciardullo (supra), the courts refused to find an attempt although the defendants were admittedly prepared to commit the subject crimes and, but for police intervention, would have done so. So, too, in the case at bar, defendants’ conduct constituted, at best, the mere preparation to commit the crimes charged. Defendants’ actions, however, could not legitimately be said to have constituted the commission of the crime as proscribed in ECL 71-2715. This court is not faced with a situation where the carting would have been accomplished in the absence of a telephone call. Defendants’ arrangement with Red Ball was not for regular or automatic pickups but was, as established by the evidence at trial, contingent upon the placing of a telephone call.
Viewing the trial record in the light most favorable to the People, the court finds the evidence insufficient, as a matter of law, to sustain the within convictions.
Accordingly, defendants’ motion is granted.
This decision shall constitute the order of the court.

 In accordance with the pronouncements of the Court of Appeals, decision was reserved on defendants’ motion until after the jury verdict was rendered.
The Court of Appeals has stated: “[0]nce trial has started, decision on a belated motion might well be delayed until after jury verdict or decision on the facts. If defendant were to be acquitted, that would be the end of the matter; if convicted, appeal of the ruling, and, if appropriate, retrial or reinstatement of the verdict or decision would be permissible on any view of double jeopardy doctrine” (People v Key, 45 NY2d 111, 120; see also, People v Leach, 46 NY2d 821; People v Brown, 40 NY2d 381).