*832 OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
Indictments charging defendants with attempted criminal possession of a controlled substance were dismissed for legal insufficiency of the evidence before the Grand Jury, a conclusion affirmed by the Appellate Division. The testimony before the Grand Jury established that informant "JWB” met with defendants, to whom he had previously sold cocaine, at a hotel on September 20, 1983. Defendants said they wanted to purchase about half a pound of cocaine, and JWB agreed that he and his source would pick it up and have it available for delivery in a day or two. At about 3:00 p.m. on September 22, JWB and his source — an undercover police officer — met with defendants in the same hotel. After discussing the quality of the cocaine, defendants agreed to purchase eight ounces at $2,050 per ounce. The transaction was not consummated, however, for several reasons. JWB and the police officer had only six ounces of cocaine available, and defendants did not have with them the $16,400 required for the purchase. Moreover, Agostinelli wanted the cocaine wrapped in four two-ounce packages, while the cocaine supplied to the police officer was wrapped in six one-ounce packages. Agostinelli did not want to receive the cocaine in the hotel room because he feared detection, and said he would meet them in a distant parking lot at about 8:00 p.m. to test the cocaine and effect the transaction. Before the meeting ended, at Agostinelli’s request the officer showed the cocaine to defendants so they could determine the ratio of cocaine rock to loose powder. Both defendants were examining one-ounce bags when police officers, who had been secretly watching the transaction, entered the room and arrested them.
"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime” (Penal Law § 110.00). In addition to proof of intent to commit a specific crime (People v Kane, 161 NY 380), the statute requires a showing that defendant committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained (see, People v Di Stefano, 38 NY2d 640, 652; see also, People v Bracey, 41 NY2d 296, 300; People v Rizzo, 246 NY 334, 337).
*833 Here, the defendants did not come very near to the accomplishment of the intended crime. The planned purchase was to take place hours later, in another part of town, after testing. At the time they were arrested, defendants did not possess sufficient funds to make the purchase, and the informant and the police officer did not have sufficient cocaine to make the sale. Thus, several contingencies stood between the agreement in the hotel room and the contemplated purchase.
We decline the People’s suggestion that we adopt the definition of attempt contained in the Model Penal Code (see, American Law Institute, Model Penal Code § 5.01) and applied by the Federal courts. As we recognized in People v Di Stefano (38 NY2d 640, 652, supra), the Legislature, by the revised Penal Law definition of the crime of attempt, did not change the Rizzo rule (see, People v Rizzo, 246 NY 334, 337, supra). Any argument that the standard embodied in the statute needs change should be addressed to the Legislature.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur; Judge Simons taking no part.
Orders affirmed in a memorandum.