■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO JORGE, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 4, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees, four counts of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of imprisonment of from 25 years to life and 8⅓ years to life on the first and second degree sale counts, and from 8⅓ to 25 years on each of the five other counts, is unanimously affirmed.

This conviction arises out of six sales of cocaine, in increasing quantities, by defendant to an undercover officer. Each quantity purchased was determined by chemical tests to contain cocaine, was vouchered for trial, and was presented as a separate People's exhibit. We are persuaded that defendant's guilt was proved by overwhelming evidence, and that, notwithstanding a transcription error resulting in a misidentification of three exhibits, the jury was able to properly consider each exhibit in determining whether the defendant was guilty of each separate sale. This conclusion is supported by the link between voucher numbers, lab numbers, and each sale.

Defendant has failed to preserve, as a matter of law, his

challenge to the court's instruction on the presumption of innocence (CPL 470.05 [2]; *People v Creech*, 60 NY2d 895), and we decline to reach this claim in the interest of justice. While we do disapprove of the trial court's introductory phrasing that "each defendant is presumed to be innocent *in a sense*" (emphasis added), the remainder of the instruction properly set forth the principles intended to be conveyed and reinforced, rather than weakened, the vitality of the presumption continuing until such time as the jury is convinced beyond a reasonable doubt of defendant's guilt.

Finally, we note that defendant received concurrent terms for several separate and discrete crimes, and reject his contention that the sentence was excessive. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ. [*See,* __ AD2d __ (May 10, 1990).]