■ PEOPLE v MARCO JORGE.—In our memorandum opinion disposing of this appeal [159 AD2d 237], we affirmed the judgment rendered May 4, 1988 convicting defendant, after a jury trial, of a drug offense. The People now make application to us for a revision of the final sentence of the penultimate paragraph of our memorandum which presently reads as follows: "While we do disapprove of the trial court's introductory phrasing [in its charge] that 'each defendant is presumed to be innocent *in a sense*' (emphasis added), the remainder of the instruction properly set forth the principles intended to be conveyed and reinforced, rather than weakened, the vitality of the presumption continuing until such time as the jury is convinced beyond a reasonable doubt of defendant's guilt."

Essentially, the People confront us with the same problem which confounded Frederick, the love-starved hero of *The Pirates of Penzance,* whose life, as all Savoyards know, was severely complicated by the failure of his nurse, in his infancy, to understand his dying father's wish that Frederick be apprenticed to *a pilot.* Due to a sad misunderstanding, the nurse apprenticed Frederick to *a pirate,* with dire consequences that are only resolved in the last act. Thus the People urge here that Justice McLaughlin, in his charge to the jury, did not say that the defendant is presumed to be innocent *"in a sense",* but merely repeated the word "innocence". There is no suggestion that this was done through "innocent merriment", in the sense used by *The Mikado.*

This proposition is supported (in a sense) in the motion papers by the affidavit of Lucy Rizzi Smorto, the senior court reporter at the trial of this indictment, who states in pertinent part as follows: "I submit this affidavit stating that in the course of Justice McLaughlin's jury instructions in the above-entitled action, I may have misheard, and therefore mistakenly transcribed, the word 'innocence' to be 'in a sense' ".

Defendant objects to the relief sought by the People on the ground that the time for settlement of the transcript has long passed and that a proper procedural basis for the motion is lacking.

While we do not propose to determine the issue with finality, in fairness to the parties, and indeed to the Trial Judge, we grant the motion and amend the subject paragraph to set forth the present contention of the People as follows (the addenda are italicized): "While we do disapprove of the trial court's introductory phrasing *[if such comment was ever made]*

that 'each defendant is presumed to be innocent *in a sense'* (emphasis added), the remainder of the instruction properly set forth the principles intended to be conveyed and reinforced, rather than weakened, the vitality of the presumption continuing until such time as the jury is convinced beyond a reasonable doubt of defendant's guilt. *We also note the People's submission, after publication of our memorandum, that what the Trial Judge only did was inadvertently to repeat the word 'innocence', a close homonymic equivalent of the words 'in a sense'. If so understood by the jury, this was an utterance which could not adversely impact upon defendant in any event."*

We do not find it necessary to resolve the learned contentions of the parties as to whether resettlement lies in a criminal case in this department under CPLR 2221. We simply exercise our inherent power to control our own decisions. Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.