THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ACOSTA, Appellant.

First Department, December 19, 1991

## APPEARANCES OF COUNSEL

*Stephen R. Mahler* of counsel *(Mahler & Harris, P. C.,* attorneys), for appellant.

*Beth J. Thomas* of counsel *(Eleanor J. Ostrow* with her on

the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

## OPINION OF THE COURT

WALLACH, J.

Suspected of heavy involvement in the narcotics trade, defendant was the subject of police surveillance. A court-authorized wiretap on defendant's telephone revealed that for several days prior to his arrest he had been anticipating a delivery of cocaine from his suppliers for resale to a customer. Shortly after noon on the pertinent date a stakeout police officer observed an unidentified Hispanic man drive up to defendant's six-story Bronx apartment building, remove a heavy-laden plastic bag from the trunk of his car, and enter the building. Fifteen minutes later the officer saw the same man leave the building, stow the identical heavy-laden bag in his car, and drive off. Shortly thereafter defendant was overheard on the wiretapped telephone cryptically informing two of his suppliers that he had just rejected as unacceptable a delivery brought by a messenger. This incident was the sole basis of the attempted possession charge submitted to the jury.

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." (Penal Law § 110.00.) Impossibility of commission is no defense, so long as there was the requisite intent and the belief by the defendant that the attendant circumstances allowed for commission of the crime (Penal Law § 110.10; *People v Dlugash,* 41 NY2d 725; *People v Duprey,* 98 AD2d 110; *People v Culligan,* 79 AD2d 875; *People v Reap,* 68 AD2d 964). Criminal liability for an attempted crime rests upon the acts of preparation to commit that crime, and their proximity to the attempted criminal activity. Only those acts "tending to the commission of the crime which are so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference" may be considered in establishing the element of attempt *(People v Rizzo,* 246 NY 334, 337).

The Federal standard, which has been adopted by the American Law Institute in Model Penal Code § 5.01 (1) (c), is considerably more liberal in establishing an attempt—criminal intent plus a "substantial step" along the path of preparation to commit the crime *(United States v Jackson,* 560 F2d

112, *cert denied* 434 US 941; *United States v Stallworth,* 543 F2d 1038, 1040). That standard has been applied in the case of attempted possession of narcotic contraband *(United States v Cafaro,* 480 F Supp 511). And once that "substantial step" has been taken, the Federally prosecuted defendant is precluded from claiming abandonment of the criminal endeavor by backing away from actual consummation of the crime *(United States v McDowell,* 714 F2d 106).

In New York, the seemingly more stringent proximity test of the 64-year-old *Rizzo* rule (i.e., "very near to the accomplishment of the intended crime" [246 NY, *supra,* at 337]) is still good law *(People v Di Stefano,* 38 NY2d 640, 652-653). In fact, the Court of Appeals has recently fortified the "so near" rule *(People v Rizzo, supra)* and the "very near" rule *(People v Di Stefano, supra)* so as now to require the defendant's conduct to come "dangerously near" completion of the criminal endeavor before the boundary is reached where preparation ripens into punishable conduct *(People v Mahboubian,* 74 NY2d 174, 190).

The continuing vitality of the *Rizzo* rule is manifested in *People v Warren* (66 NY2d 831), which specifically rejected the Model Code's concept of a "substantial step". There the defendants, known narcotics traffickers, negotiated a cocaine transaction in a hotel room with an undercover police officer, reaching agreement on the quantity and price of the contraband. Consummation of the purchase was delayed only because the defendants did not have the required cash with them, the undercover seller had only 75% of the desired quantity on hand, and the defendants wanted the cocaine rewrapped in different sized packages. One of the defendants, fearing detection, further insisted that the actual exchange take place outside the hotel, in a particular parking lot, five hours hence. The defendants were in the process of inspecting the quality of the undercover seller's cocaine on hand when surveilling police burst into the hotel room and arrested them. At no time had these defendants backed away from, or abandoned, their agreement to go through with the purchase. Nevertheless, the Court of Appeals ruled that this evidence was legally insufficient to sustain even an *indictment* charging attempted criminal possession of a controlled substance.

Here, following a full trial, there is only circumstantial evidence that the unidentified visitor to defendant's multiple dwelling was a drug courier headed for defendant's apartment. Even were we to accept this attenuated inference that

the visitor actually reached defendant's apartment and offered his contraband to him, the remaining evidence shows defendant's flat rejection of that offer, and thus total abandonment of the criminal enterprise with respect to this particular quantity of cocaine. Even under the Model Code standard, the People would be hard pressed to point to a "substantial step" in this record along the road to possession of an identifiable quantity of cocaine. The evidence is insufficient, as a matter of law, to establish that defendant's conduct, with respect to this attempted possession charge, came "very near" or "dangerously near" to completion of the crime, under settled New York precedents.

Addressing the dissents, we acknowledge that many song lyrics, having access to the poetic, can encapsulate much wisdom for the guidance of the law (see, People v Jorge, 161 AD2d 372; and even the concurring opinion of Kupferman, J., in Silverstein v Harmonie Club, 173 AD2d 378, 379). The trick, of course, is to select the right one. In our view this is more of a case of "Yes, we have no bananas * * * today". The pervasive desire to sell (or here, to buy) may subsist, but where there is impossibility of fruition, or where the transaction conclusively aborts by rejection, the action has not sufficiently ripened under New York law to constitute the criminal attempt of a possessory crime. After all, even bananas "have to ripen in a certain way."

We have examined defendant's other points on this appeal, and find them to be without merit.

Accordingly, the judgment of Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 27, 1989 after jury trial, convicting defendant of attempted criminal possession of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent terms of 25 years' to life and 8⅓ to 25 years' imprisonment, respectively, should be modified, on the law, to dismiss the attempted possessory count and to vacate its resultant sentence, and otherwise affirmed.

KUPFERMAN, J. (dissenting). I would affirm.

The facts are fairly stated in the majority opinion.

In view of the guilty verdict we are obliged to review the evidence "in the light most favorable to the People" inasmuch as "credibility is a matter to be determined by the trier of the facts". (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932.) Accordingly, there was here a clear attempt to

possess, temporarily thwarted only by the poor quality of the merchandise.

In capsule, an apt reference is found in the words of an old popular song: "Your Lips Tell Me No No, But There's Yes, Yes In Your Eyes."

In more prosaic fashion, if it were a crime to buy a shirt and I looked at a shirt for the purpose of purchase and rejected it for some imperfection in the collar, it would still be an attempt to buy a shirt.

Asch, J. (dissenting). It may be apocryphal, but a former Mayor is reported to have said, "I would rather write the nation's songs than make its laws". I would rather do the latter. On the basis of the law and facts herein, I dissent and would affirm defendant's conviction in toto.

The evidence consisting of testimony from an undercover police officer as well as tape recordings of intercepted telephone conversations between defendant, his brother, and others and testimony by officers of visual surveillance of defendant showed he took part in a large and ongoing conspiracy to distribute cocaine. It also proved an attempt by defendant to possess a kilo of cocaine on March 21, 1988.

Contrary to the conclusion reached by the majority, the facts in the case before us demonstrate that the defendant had the intent to commit a crime and engaged in conduct tending to effect the commission of such crime (Penal Law § 110.00). There was the required "showing that defendant committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained" *(People v Warren,* 66 NY2d 831, 832). While the majority recounts the facts of *Warren (supra),* at great and accurate detail, these simply reaffirm and emphasize the different posture of the facts before us. In *Warren,* potential buyers of drugs dealt with an informer and an undercover officer posing as sellers. The Court of Appeals found defendants did not come "near to the accomplishment of the intended crime. The planned purchase was to take place hours later, in another part of town, after testing. At the time they were arrested, defendants did not possess sufficient funds to make the purchase, and the informant and the police officer did not have sufficient cocaine to make the sale. *Thus, several contingencies stood between the agreement in the hotel room and the contemplated purchase". (Supra,* at 833; emphasis added.)

In this case, there was evidence that defendant was at-

tempting to secure a large amount of cocaine for an individual named "Frank". On March 21st, officers watched as a man walked into defendant's apartment building carrying a weighted-down plastic bag and 15 minutes later came out with the same bag, still weighted down. Minutes later defendant called "Frank" and told him he had just been shown a broken-down kilo of cocaine but refused it because it was of poor quality. This evidence, which was partly circumstantial but also consisted of direct, incriminating statements by defendant, indicated defendant was ready to purchase the cocaine brought him and would have done so if the quality was better. Thus, defendant not only had the intent to possess but also took a step toward "carry[ing] the project forward within dangerous proximity to the criminal end to be attained" *(People v Warren, supra,* at 832). While the majority speaks of the defendant's "flat rejection" of the offer of cocaine, if defendant had accepted the cocaine, he would have been guilty of "actual" possession not merely attempted possession.

Accordingly, defendant was properly convicted of attempted criminal possession.

CARRO, J. P., and KASSAL, J., concur with WALLACH, J.; KUPFERMAN and ASCH, JJ., dissent in separate opinions.

Judgment, Supreme Court, New York County, rendered July 27, 1989, is modified, on the law, to dismiss the attempted possessory count and to vacate its resultant sentence, and otherwise affirmed.