Smith, J.
(dissenting). To uphold defendant’s conviction of an attempt, it must be shown beyond a reasonable doubt that his acts came "dangerously close” to committing the substantive crime. That someone got out of a car carrying a bag and entered the apartment building adds nothing to the proof of the attempted crime. There was no proof of who this man was, what was in the bag, where the man went inside the building or who owned the car. Any connection of this proof with defendant would necessarily be based on pure speculation. The critical question, then, is whether defendant’s wiretapped phone calls, standing alone, or even in conjunction with the evidence of a man and his bag, could constitute sufficient evidence for a finding of guilt. Without more, these phone conversations, and other evidence submitted, were insufficient to show that defendant came "dangerously close” to possessing drugs. I, therefore, dissent.
The police obtained a court order authorizing a wiretap of defendant’s telephone. The wiretap, in place in 1987 and 1988, revealed that defendant was anticipating a delivery of cocaine on March 21, 1988. Defendant was arrested on June 22, 1988 and charged with conspiracy in the second degree based on his intent to commit the crimes of criminal sale of a controlled substance in the first and second degrees and criminal possession of a controlled substance in the first and second degrees. Defendant was also charged with criminal possession of a controlled substance in the first degree.
A police officer assigned to stakeout defendant’s apartment building testified at trial that shortly after noon on March 21, 1988, he observed a small white four-door vehicle drive up to the front of the six-story apartment building in which defendant lived. The officer also testified that he saw a male Hispanic exit the car, remove a black and white plastic bag with long, completely stretched handles from the trunk, and enter the courtyard leading to the building. No one followed the person into the building to ascertain where he went. The officer testified further that the same man left the building 15 minutes later with the same bag with similarly stretched handles. According to the officer, the man walked to the rear *676 of his vehicle, opened the trunk, placed the bag back inside, got into the vehicle, drove a few feet, made a U-turn, and drove back past the police vehicle in which he was seated. The officer testified that he never stopped the driver of the white vehicle or ascertained what was in the bag. This incident, along with overheard conversations of defendant that he had rejected "tickets” (allegedly cocaine), presented the sole basis for convicting defendant of attempted possession of a controlled substance in the first degree.
Defendant was convicted, after a jury trial, of attempted criminal possession of a controlled substance in the first degree and conspiracy to possess a controlled substance in the second degree. The Appellate Division modified by dismissing the attempted possession conviction, the majority holding that, with respect to the attempted possession charge, the evidence is insufficient, as a matter of law, to establish that defendant’s conduct came "very near” or "dangerously near” to completion of the crime under settled New York precedents (172 AD2d 103, 106).* Two Justices dissented (see, id.).
Penal Law § 110.00 states that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, [the person] engages in conduct which tends to effect the commission of such crime.” This Court has held that Penal Law § 110.00 requires a showing that defendant "committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained” (People v Warren, 66 NY2d 831, 832). A person is guilty of criminal possession of a controlled substance in the first degree when the person knowingly and unlawfully possesses four or more ounces of a narcotic drug (see, Penal Law § 220.21 [1]).
In Warren (supra), this Court affirmed the dismissal of indictments charging two defendants with attempted criminal possession of a controlled substance where several contingencies stood between an earlier agreement to purchase and the contemplated purchase. The Grand Jury testimony showed that the defendants agreed to purchase cocaine from a police *677 informant, but the transaction was not consummated because the informant did not have enough cocaine, the defendants did not have enough money, and the cocaine was not properly packaged. The informant agreed to meet the defendants later that evening to test the cocaine and effect the transaction. Before the informant departed, and while defendants were examining one-ounce bags of cocaine, police officers who were secretly watching the transaction entered the room and arrested them. This Court concluded that "the defendants did not come very near to the accomplishment of the intended crime” (id., at 833).
Here, too, the evidence adduced at trial does not establish that defendant came very near to the accomplishment of the crime of possession of a controlled substance in the first degree. According to the wiretap information, defendant had been anticipating a delivery of "tickets” from his suppliers for resale to a customer. The police observed an Hispanic male enter and leave the courtyard of the apartment building in which defendant lived carrying a heavy-laden shopping bag. The People assert that the unidentified male brought a supply of cocaine to defendant’s apartment and defendant rejected the supply. However, the stakeout police officer did not stop and question the Hispanic male or ascertain what was in the shopping bag, nor did he observe the male approach or enter defendant’s apartment. Thus, the testimony that an unidentified man entered and exited defendant’s apartment building amounts to no material evidence at all.
The sole basis for defendant’s guilt was the wiretap conversations in which defendant told another individual that he had just rejected a delivery of "tickets” as unacceptable because it was "no good” and "stuck together.” The evidence adduced simply does not establish beyond a reasonable doubt the attempted possession of cocaine by the defendant.
Acting Chief Judge Simons and Judges Titone and Bellacosa concur with Judge Kaye; Judge Smith dissents and votes to affirm in a separate opinion in which Judge Hancock, Jr., concurs.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

 It should be noted that although no objection to it was made by either party, the court erroneously charged the Federal standard on attempt in that a "substantial step” is required for the completion rather than the New York standard of a requirement that conduct come "very near” or "dangerously near” to completion (United States v Jackson, 560 F2d 112, cert denied 434 US 941).