■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ACOSTA, Appellant. [602 NYS2d 845] —On remittitur from the Court of Appeals (80 NY2d 665), the judgment of Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 27, 1989, insofar as it convicted defendant of attempted criminal possession of a controlled substance in the first degree and sentenced him to 25 years to life imprisonment, to run concurrently with a sentence of 8⅓ to 25 years on his conviction for conspiracy in the second degree, is unanimously affirmed.

In reaffirming the principle that to make out an attempted crime, a defendant's conduct must come "very near" *(People v Rizzo,* 246 NY 334, 337), indeed, "dangerously near" *(People v Mahboubian,* 74 NY2d 174, 192) consummation of the criminal act, the Court of Appeals has now held, in this case, that "A person who orders illegal narcotics from a supplier, admits a courier into his or her home and examines the quality of the goods has unquestionably passed beyond mere preparation and come 'very near' to possessing those drugs. Indeed, the only remaining step between the attempt and the completed crime is the person's acceptance of the proffered merchandise, an act entirely within his or her control [citation omitted]" (80 NY2d, *supra,* at 671).

*People v Warren* (66 NY2d 831), previously cited by the majority of this Court (172 AD2d 103, 105), was distinguished by the Court of Appeals on the ground that the narcotic contraband in that case, though seized in the hotel room at the time of the traffickers' arrests there, was not considered the subject even of an attempted possession because " 'several contingencies' " remained to be resolved before the deal could be consummated (80 NY2d, *supra,* at 671). Evidently, in the case at bar, flat rejection of the cocaine as being of unacceptable quality eliminated the "several [remaining] contingencies" exception to the "very near" consummation rule, and

thus the test for attempted possession was met despite the renunciation of possession for the particular contraband involved.

That being the state of the law, we exercise our fact-finding function to conclude that a jury was permitted, on this record, to draw the connection between the purported delivery of a large quantity of cocaine and defendant's virtually contemporaneous telephone reference to its rejection as being of inferior quality. The overriding consideration is the proof of defendant's clear desire to enter into such a large-scale drug transaction, aborted only by a quality deficiency that he did not create. Viewed in this light, the jury's verdict was not against the weight of the evidence.

The maximum sentence here was warranted by defendant's history. Convicted previously of a felony narcotics offense in New York and deported upon his release from prison, defendant illegally reentered the country and embarked upon this latest criminal enterprise. Criminal possession of a controlled substance in the first degree is one of the few crimes to which the Legislature has given the same classification, for sentencing purposes, regardless of whether the crime is consummated or merely attempted (see, Penal Law § 110.05 [1]). Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.