OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant gave an undercover police officer more than four ounces of cocaine on March 28, 1990, for the sum of $3,700. On April 5, 1990, and again on May 23, 1990, defendant offered to sell the same undercover officer specific quantities of cocaine for agreed upon amounts of money. However, no money or drugs changed hands as a result of either the April 5th or May 23d agreements. Defendant was indicted on five counts arising from these incidents, including one count of criminal sale in the first degree (Penal Law § 220.43) for the April 5 transaction and one count of criminal sale in the second degree (Penal Law § 220.41) for the May 23 transaction arising out of his offers to sell on those dates
 
 (see,
 
 Penal Law § 220.00 [1] [defining sale to include an offer or agreement to sell a controlled substance]). Defendant was convicted on two counts of criminal sale of a controlled substance in the first degree (the Mar. 28 and Apr. 5 transactions) and one count of criminal sale of a controlled substance in the second degree (the May 23 transaction). The Appellate Division modified, on the law, reducing the convictions for the April 5 and May 23 transactions to criminal sale in the third degree (Penal Law § 220.39) because there was no independent evidence of the weight of the drugs offered for sale (196 AD2d 882).
 

 On this appeal defendant argues that the convictions arising from the April 5 and May 23 transactions must be reversed and the charges dismissed because the People did not prove that defendant "knowingly” sold cocaine, i.e., there was no evidence that the offers to sell were bona fide. This claim
 
 *960
 
 was not a ground for dismissal raised at trial, however. The only argument for dismissal made to the trial court was that the People had presented no evidence of consummated sales, but rather at most attempted sales. That, however, is inconsistent with defendant’s present argument. If, as defendant now asserts, the evidence was insufficient to demonstrate the mens rea element for criminal sale, it also would have been insufficient to sustain a conviction for attempt, which is a specific intent crime (Penal Law § 110.00;
 
 see also, People v Bracey,
 
 41 NY2d 296, 300). Because defendant did not call to the trial court’s attention the nature of the error alleged here, it was not preserved and thus, we cannot reach it on this appeal.
 

 Alternatively defendant argues that his conviction for criminal sale in the first degree relating to the consummated sale of March 28 should be reversed and a new trial ordered because the trial court refused to charge the jury on the lesser included offense of criminal sale of a controlled substance in the third degree. The forensic evidence adduced at the trial was that the cocaine sold by defendant on March 28 weighed in excess of four ounces, and this was consistent with the testimony of the experienced undercover officer who purchased the drugs. There is no reasonable view of the evidence which could support a finding that the weight of the drugs was less than two ounces (Penal Law § 220.43) and, hence, defendant was -not entitled to a charge on the lesser included offense (CPL 300.50 [1], [2]).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.