92 N.Y.2d 996 (1998)
706 N.E.2d 1189
684 N.Y.S.2d 165
The People of the State of New York, Respondent-Appellant,
v.
Jeffel Mike, Appellant-Respondent.
Court of Appeals of the State of New York.
Argued October 22, 1998
Decided December 3, 1998.
Robert M. O'Leary, Public Defender of Broome County, Binghamton (William L. Brown of counsel), for appellant-respondent.
Gerald F. Mollen, District Attorney of Broome County, Binghamton (Joann Rose Parry of counsel), for respondent-appellant.
Chief Judge KAYE and Judges SMITH, LEVINE, CIPARICK and WESLEY concur in memorandum; Judge BELLACOSA dissents in part in an opinion.
*997 MEMORANDUM.
The order of the Appellate Division should be reversed and the indictment dismissed.
*998 Defendant was convicted, after a bench trial, of third degree criminal sale of a controlled substance. Defendant approached two off-duty police officers and inquired whether they were interested in purchasing an unspecified type and quantity of drugs. One of the officers asked if defendant had any "dime bags;" defendant responded that he only had "twenties." Ultimately, defendant got into the officers' vehicle and led them to the driveway of a building. Defendant told the officers to give him some money, and he would go into the building and get the drugs. The officer who had offered to purchase the drugs was unwilling to go along with this arrangement. The money belonged to the officer and he was admittedly afraid that defendant would simply abscond with it.
Because of the officer's unwillingness to either part with the money or accompany defendant into the building, the transaction proceeded no further and without ever having exited the vehicle, defendant was placed under arrest for offering to sell drugs. Defendant did not possess any money or drugs at the time of his arrest and there was no evidence that he had previously sold drugs to the officers or anyone else. Although defendant did later give an oral statement indicating he intended to sell cocaine to the officers, he made no reference to a source of drugs or prior drug sales at the building in question. There was no evidence that there were drugs in the building at the time of defendant's arrest, or even that the building was a known drug location. "Notably absent from the People's case is any proof that defendant had the ability to procure the cocaine he purportedly offered to sell" (246 AD2d 682, 683). The Appellate Division found the evidence insufficient to support the criminal sale charge, and reduced defendant's conviction to attempted criminal sale.
We agree that the evidence was insufficient to support defendant's conviction for third degree criminal sale of a controlled substance. A conviction for criminal sale does not require that an actual sale be consummated; under Penal Law § 220.00 (1), a "sale" includes an offer to sell or exchange drugs. However, in order to support a conviction under an offering for sale theory, there must be evidence of a bona fide offer to sell  i.e., that defendant had both the intent and the ability to proceed with the sale (see, People v Gondolfo, 94 Misc 2d 696, 702 [Alexander, J.] ["not every casual offer is made criminal but where a defendant has made a bona fide offer or agreement to sell and there is sufficient evidence to indicate an ability and intent on the part of the defendant to complete the transaction, *999 a conviction for sale may be obtained without proof of possession of the contraband."]; see also, People v Flores, 84 N.Y.2d 957). Here, the evidence was insufficient to establish that defendant had the ability to carry out the sale.
The evidence was also insufficient to support the attempted sale conviction. There was no evidence to show that defendant came dangerously close to actually completing the sale (People v Warren, 66 N.Y.2d 831, 832). Thus, the Appellate Division erred in reducing the conviction to third degree attempted criminal sale, as the evidence was insufficient to support either offense.
BELLACOSA, J. (dissenting in part).
In my view, the Appellate Division, per the majority opinion by Justice Yesawich, correctly sorted this case out. Because I conclude that the Appellate Division's modification and reduction of the defendant's criminal responsibility to attempted criminal sale of a controlled substance are justified on this record, I respectfully dissent from this Court's ruling on that aspect of the case. The instant case is vastly different from People v Warren (66 N.Y.2d 831) in its essential facts, and in the procedural review framework in which it was presented to the appellate courts.
The Jeffel Mike matter is a Bench-tried case which acquired undisturbed findings and inferences from the Appellate Division decision as it pertains to the sustained lesser count of attempt. In that respect the case is before this Court on the defendant's appeal. The Warren case, on the other hand, was a Grand Jury sufficiency type case. It was dismissed on motion by the nisi prius court, affirmed at the Appellate Division, and ultimately resolved against the People on their appeal to this Court (id.).
The recitation of remote and multiple contingencies bearing on the possibility of a consummated crime in the Warren case (see, id., at 832-833) shows that those circumstances are not at all like the nonaccomplishment of this criminal transaction. Here, the deal fell through simply because the "buyer" officer was realistically unwilling to "front" his own cash to close the drug deal. That is when the defendant faded out of the picture.
Defendant's oral admission about his intent to arrange for the acquisition of "powder or rock" cocaine, and the evidentiary circumstances evolving right up to the next-to-last step before the deal went sour  constitute sufficient trial evidence to sustain this criminal charge. That is also all that is within this Court's limited review powers in such circumstances. I would *1000 therefore uphold the Appellate Division's downward adjustment of the verdict to the sustainable level of criminal responsibility under the evidence adduced at trial (see, People v Mahboubian, 74 N.Y.2d 174, 190-191; People v Rizzo, 246 N.Y. 334; cf., People v Flores, 84 N.Y.2d 957).
Order reversed, etc.