Bellacosa, J.
(dissenting in part). In my view, the Appellate Division, per the majority opinion by Justice Yesawich, correctly sorted this case out. Because I conclude that the Appellate Division’s modification and reduction of the defendant’s criminal responsibility to attempted criminal sale of a controlled substance are justified on this record, I respectfully dissent from this Court’s ruling on that aspect of the case. The instant case is vastly different from People v Warren (66 NY2d 831) in its essential facts, and in the procedural review framework in which it was presented to the appellate courts.
The Jeflfel Mike matter is a Bench-tried case which acquired undisturbed findings and inferences from the Appellate Division decision as it pertains to the sustained lesser count of attempt. In that respect the case is before this Court on the defendant’s appeal. The Warren case, on the other hand, was a Grand Jury sufficiency type case. It was dismissed on motion by the nisi prius court, affirmed at the Appellate Division, and ultimately resolved against the People on their appeal to this Court (id.).
The recitation of remote and multiple contingencies bearing on the possibility of a consummated crime in the Warren case (see, id., at 832-833) shows that those circumstances are not at all like the nonaccomplishment of this criminal transaction. Here, the deal fell through simply because the “buyer” officer was realistically unwilling to “front” his own cash to close the drug deal. That is when the defendant faded out of the picture.
Defendant’s oral admission about his intent to arrange for the acquisition of “powder or rock” cocaine, and the evidentiary circumstances evolving right up to the next-to-last step before the deal went sour — constitute sufficient trial evidence to sustain this criminal charge. That is also all that is within this Court’s limited review powers in such circumstances. I would *1000 therefore uphold the Appellate Division’s downward adjustment of the verdict to the sustainable level of criminal responsibility under the evidence adduced at trial (see, People v Mahboubian, 74 NY2d 174, 190-191; People v Rizzo, 246 NY 334; cf., People v Flores, 84 NY2d 957).
Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur in memorandum; Judge Bellacosa dissents in part in an opinion.
Order reversed, etc.