■ The People of the State of New York, Respondent, v Marc Spagnualo, Appellant. [774 NYS2d 223]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 30, 2002. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, sexual abuse in the first degree (two counts), and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), two counts of sexual abuse in the first degree (§ 130.65 [1]) and one count of endangering the welfare of a child (§ 260.10 [1]). Defendant was sentenced as a second felony offender to concurrent terms of imprisonment, the longest of which is a determinate term of 10 years. We reject the contention of defendant that the verdict finding him guilty of attempted rape is against the weight of the evidence. Defendant contends that the acts alleged by the victim do not constitute an "attempt" to rape her under Penal Law § 110.00, which provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime."

In demarcating the line between punishable "attempts" and mere preparations to commit a crime, the Court of Appeals has concluded that a "line has been drawn between those acts which are remote and those which are proximate and . . . *very near* to the accomplishment of the intended crime" (*People v Rizzo*, 246 NY 334, 337 [1927] [emphasis added]; *see People v Acosta*, 80 NY2d 665, 670 [1993]; *People v Mahboubian*, 74 NY2d 174, 191 [1989]; *People v Warren*, 66 NY2d 831, 832 [1985]; *People v Di Stefano*, 38 NY2d 640, 652 [1976]). Here, defendant contends that, even if true, the allegations that he touched the 13-year-old victim's breasts and vaginal area and told the victim that he was going to have sex with her do not satisfy that standard because he never actually removed the victim's underwear. However, defendant's act need not be " ' "the final one towards the completion of the offense" ' " to constitute an attempt (*Mahboubian*, 74 NY2d at 190). In *People v Cobenais* (301 AD2d 958, 960 [2003], *lv denied* 99 NY2d 653 [2003]), the Court concluded that a defendant's acts of holding a victim down, touching her breasts, and pulling down her pants constituted attempted rape. Therefore, "[v]iewing the evidence in a neutral

light, with appropriate deference accorded to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor . . . , [we conclude] that the evidence and the inferences to be drawn therefrom fully support the jury's verdict" (*id.* at 961; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Furthermore, defendant's contention that counts two and three of the indictment are "duplicitous" is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We also reject defendant's contention that the prosecutor's summation deprived defendant of a fair trial. At one point, the prosecutor asked the jury, "Now, did you hear from the defendant in this case?" However, the comment was made in reference to what defendant told a detective. "The prosecutor made no reference to defendant's failure to testify, and the comments he did make were not of such character as would naturally and reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand" (*People v Burke*, 72 NY2d 833, 836 [1988], *rearg denied* 72 NY2d 953 [1988]). The remainder of the summation was fair comment on the proof. The assistance rendered by counsel, viewed as a whole, was not ineffective (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.