People v Terry (2019 NY Slip Op 01243)





People v Terry


2019 NY Slip Op 01243


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-00089
 (Ind. No. 1390/15)

[*1]The People of the State of New York, respondent,
v
Glenn A. Terry, appellant.


Roger Bennet Adler, P.C., New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Fernando M. Camacho, J.), dated December 14, 2016, convicting him of attempted kidnapping in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of attempted kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
In 2007, the defendant retained an attorney to represent him in a personal injury action stemming from an accident that had resulted in the defendant sustaining severe burn injuries. In 2008, the defendant agreed to settle the action, but soon regretted his decision and tried, in vain, to convince the attorney to reopen the case. Several years later, in late 2013 or early 2014, the defendant twice showed up, unannounced, at the attorney's office, complaining that the settlement amount was insufficient. The attorney explained to the defendant that it would not be possible to reopen the case since the defendant had signed a release in exchange for the settlement payment, and the defendant left the office angry and upset. He also called the attorney two or three times, and sent him multiple letters to the same effect.
On March 26, 2015, the defendant checked into a hotel in Islip. On the morning of March 27, 2015, the defendant drove from the hotel to the attorney's office in Central Islip, a few miles away, and waited in the parking lot from approximately 8:30 a.m. until 9:30 a.m., when he left, eventually making his way back to the hotel around 11:00 a.m.
Later that day, at approximately 12:15 p.m., the police stopped the defendant's car in the vicinity of the hotel, after they observed him making turns without signaling and exceeding the speed limit as he left the hotel's parking lot. The police discovered that the defendant had a Taser, together with a working cartridge, as well as a 9 mm handgun in the rear pocket of the passenger seat. The police arrested the defendant for unlawful possession of the handgun and Taser. The police also found, among other things, duct tape, plastic gloves, two sets of handcuffs, a knife, pepper spray, and a black powder pistol.
The attorney was in his office all day on March 27, 2015, except for a lunch break [*2]between approximately 12:45 p.m. and 2:00 p.m. There is no evidence that the defendant contacted the attorney by phone or email that day, nor did the attorney or his receptionist see the defendant at any time.
The defendant was convicted of attempted kidnapping in the second degree and various other offenses relating to his possession of the handgun and Taser.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt of attempted kidnapping in the second degree beyond a reasonable doubt. Contrary to the People's contention, the defendant's act of driving from his hotel to the attorney's office building on the morning of March 27, 2015, and remaining there for a period of approximately one hour before driving away—without having any contact with the attorney—does not establish that the defendant came "dangerously near" to committing the completed crime (see People v Rizzo, 246 NY 334; People v Ciardullo, 106 AD2d 14; People v Pollaci, 68 AD2d 71; cf. People v Denson, 26 NY3d 179; People v Mahboubian, 74 NY2d 174). While the People contend that the defendant was heading back to the attorney's office when he was stopped by police later that day with the weapons in his car, there is insufficient factual support for this theory, since the defendant was stopped just after he had left his hotel, which was several miles from the attorney's office.
In light of our determination that the verdict of guilty of attempted kidnapping in the second degree is not supported by legally sufficient evidence, we need not consider the defendant's alternate contention that such verdict is against the weight of the evidence (see People v Destin, 150 AD3d 76), or whether the Supreme Court erred in imposing the sentence on that conviction consecutively to one of the two convictions of criminal possession of a weapon in the second degree.
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court