■ The People of the State of New York, Respondent, v Ismael Almodovar, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered March 24, 1989, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 4½ to 9 years, and an order of the same court, entered November 5, 1990, denying defendant's motion to vacate the judgment, unanimously affirmed.

The evidence at trial showed that, at 1:30 P.M. on June 13, 1988, an undercover police officer bought a $10 glassine envelope of heroin from defendant on East 5th Street in Manhattan. Defendant was taken into custody a few minutes later and the prerecorded $10 bill was recovered from his person.

We find that defendant was not unfairly prejudiced by the admission of background evidence concerning the procedures used in connection with street level purchases of narcotics. This evidence helped to provide the jury with an understanding of the officers' behavior *(see generally, People v Stanard,* 32 NY2d 143, 146) and was probative of the officers' reliability, which was a contested issue. While the amount of such testimony may have somewhat exceeded that which was necessary, any possible error was rendered harmless by the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230).

Defendant's claim that the court improperly delegated a judicial duty to a court officer presents a reviewable question of law even in the absence of objection *(People v Bonaparte,* 78 NY2d 26, 31). However, in the absence of any indication that the court officer gave the jury instructions concerning the mode or subject of their deliberations or that the court relinquished control over the jury's deliberations, there is no basis for reversal *(see, People v Bonaparte, supra; see also, People v Harris,* 76 NY2d 810).

We have considered defendant's other arguments, which are not preserved for review, and find that they do not warrant reversal. Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.