■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McGEE, Appellant. [598 NYS2d 736] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered February 8, 1991, as

amended October 31, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11196/89, and criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, under Indictment No. 11384/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments, as amended, are affirmed, and the matters are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant failed to preserve the majority of his contentions raised on this appeal for appellate review (see, CPL 470.05 [2]), and we decline to reach those issues in the exercise of our interest of justice jurisdiction.

Further, the defendant's only contention that is preserved for appellate review is without merit. The defendant challenges the admission of a detective's testimony as to the training she received concerning narcotics. In light of the limited nature of the detective's testimony and its probative value with respect to the detective's credibility, the admission of the testimony was proper. Rosenblatt, Ritter and Santucci, JJ., concur.

Balletta, J. P., dissents and votes to reverse the judgments, on the law and as a matter of discretion in the interest of justice, and to order a new trial, with the following memorandum: In my opinion, the combination of charge errors and evidentiary errors made by the trial court requires a reversal of the defendant's convictions, and I, therefore, respectfully dissent from the majority view.

The trial court, in its charge on the so-called "drug factory" presumption (Penal Law § 220.25 [2]), failed to include the element that the narcotics had to be "in open view" as required by the language of Penal Law § 220.25 (2) (see, People v Headley, 143 AD2d 937, 938, affd 74 NY2d 858). Accordingly, the charge was defective and warrants reversal of the convictions of criminal possession of a controlled substance (see, People v Hedge, 162 AD2d 467).

In addition, although the testimony regarding the police officer's training and experience was proper in light of the limited nature of that testimony and the probative value thereof, the admission of extensive background information relative to a so-called "buy and bust" operation and search warrant procedure was improper. Evidence that the search warrant for the apartment where the defendant was arrested was based on the undercover's prior purchases of drugs from

the apartment from persons other than the defendant was irrelevant and prejudicial to him. The trial testimony should have been limited so as to focus on the defendant and the offense charged (see, People v Maldonado, 50 AD2d 556). These evidentiary errors require the reversal of the defendant's conviction of criminal sale of a controlled substance in the third degree.

Although the charge error and many of the evidentiary errors were not preserved for appellate review, I would reach them in the exercise of our interest of justice jurisdiction in view of the numerous errors that were made. The cumulative impact of the errors deprived the defendant of a fair trial. "[A] Trial Judge should not stand mute when irrelevant and prejudicial testimony is offered which threatens [the] defendant's right to a fair trial, nor can [an appellate court] * * * stand mute when, upon reviewing the record, we find that testimony which was not objected to deprived the defendant of his due process rights" (People v Baez, 103 AD2d 746, 748), or where an improper charge is so defective as to cause a conviction which might not have been the case if the charge had been properly given.

Accordingly, I would reverse the defendant's convictions and order a new trial.