■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH McMILLAN, Appellant. [602 NYS2d 847] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered November 7, 1990, convicting defendant, after jury

trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

In light of defendant's attempts to paint a picture of the police observation and arrest procedures testified to herein as suspect, the trial court properly admitted police testimony explaining a customary use of those procedures *(People v Almodovar,* 178 AD2d 133, *lv denied* 79 NY2d 943). Defendant's claim that the officers' characterization of those procedures as steps in assuring a proper arrest shifted the burden of proof to defendant and removed from the jury the ultimate determination of defendant's guilt or innocence, is meritless in light of the trial court's explicit instructions to the jury regarding evaluation of the testimony in question, and its repeated charge to the jury that all factual issues, including the ultimate determination of defendant's guilt or innocence based on the evidence presented, were within the exclusive province of the jury.

The trial court's summary denial of defendant's motion to set aside the verdict on the ground of misconduct during jury deliberations was an appropriate exercise of discretion. Defendant's motion papers contained only conclusory allegations that the incident in question constituted an "improper influence" on the jury verdict, and the dropping of a bag of candy (a common occurrence within life experience) cannot reasonably be viewed as determinative of the ultimate issue in this case, which was whether defendant criminally possessed crack cocaine with the intent to sell it, and upon which issue the People offered overwhelming evidence *(People v Brown,* 48 NY2d 388, 394).

We perceive no abuse of discretion in sentencing. Concur— Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.