■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MENDEZ, Also Known as RUBEN MENDEZ, Appellant. [603 NYS2d 44] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered August 2, 1991, convicting defendant, after a jury trial, of attempted murder in the first degree, attempted aggravated assault in the first degree, reckless endangerment in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, 12½ years to 25 years, 3½ to 7 years (twice), 7½ to 15 years (twice), and 3½ to 7 years, respectively, to run consecutively to a prior sentence of 25 years to life, unanimously modified, on the law, to the extent of vacating the convictions on the attempted murder count and on one count of reckless endangerment, vacating the sentences imposed thereon and dismissing those counts of the indictment, and otherwise affirmed.

Evidence at trial that defendant pointed his revolver at the officer's midsection from a distance was insufficient to prove attempted murder in the first degree, there being no proof that defendant had his finger on the trigger *(compare, People v Moore,* 165 AD2d 884, 885, *lv denied* 76 NY2d 989; *People v Jenkins,* 184 AD2d 731, *lv denied* 81 NY2d 790; *People v Orama,* 150 AD2d 505, 506, *lv denied* 74 NY2d 744), or otherwise came " 'very near to the accomplishment of the intended crime' " *(People v Di Stefano,* 38 NY2d 640, 652). Nor was such evidence sufficient to prove reckless endangerment in the first degree *(see, People v Davis,* 72 NY2d 32, 36, citing *People v Richardson,* 97 AD2d 693, 694).

Defendant's challenges to the court's *Sandoval* ruling and charge on intent are unpreserved as a matter of law *(People v Johnson,* 169 AD2d 553, *lv denied* 78 NY2d 968; *People v Thomas,* 50 NY2d 467), and we decline to review them in the interest of justice. If we were to review, we would not disturb the balance of the judgment since, with respect to the *Sandoval* ruling, the court did not permit the People to inquire into the underlying facts of the conviction that was still pending on appeal *(compare, People v Chambers,* 184 AD2d 716, 717-718), and, with respect to the charge, the error *(see, People v*

*Getch,* 50 NY2d 456) was harmless in view of the overwhelming proof of guilt on the remaining counts. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.