■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SILAS, Appellant. [624 NYS2d 955] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered December 7, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contentions that error took place due to the admission of background testimony regarding "buy and bust" operations and due to comments made by the prosecutor during summation *(see,* CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947; *People v Nuccie,* 57 NY2d 818; *People v Medina,* 53 NY2d 951).

In any event, the admission of the background testimony regarding "buy and bust" operations was proper *(see, People v Brown,* 195 AD2d 475; *People v McGee,* 193 AD2d 624; *People v Almodovar,* 178 AD2d 133). In addition, the prosecutor's comments during summation were either fair comment upon the "four corners of the evidence" *(People v Ashwal,* 39 NY2d 105), fair response to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396), or constituted harmless error in light of the overwhelming evidence of the defendant's guilt and the court's subsequent instructions which served to cure any alleged prejudice *(see, People v Basora,* 75 NY2d 992; *People v Crimmins,* 36 NY2d 230).

The sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.