■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER LENNON, Appellant. [636 NYS2d 334] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J., on CPL 190.50 dismissal motion; Ira Beal, J., at suppression hearing and trial), rendered August 10, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years and 3 to 6 years, respectively, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress physical evidence. Testimony at the suppression hearing that an officer using high-powered binoculars saw defendant exchanging a glassine envelope for currency established probable cause (*People v McRay*, 51 NY2d 594; *People v Lacend*, 216 AD2d 112, 113). We reject defendant's claim that the officer in the observation post testified that his belief that the object was a glassine envelope was based not on what he actually saw but on what he later discovered. The question asked by defense counsel that elicited the testimony was ambiguous and the officer's response indicated that he saw the glassine as

the transaction occurred. This was consistent with his testimony earlier in the hearing.

Defendant's argument that he was deprived of his right to testify in the Grand Jury is without merit. The Grand Jury presentation in question was a re-presentation following dismissal of the first indictment. "[S]ince the defendant had been held for the action of the Grand Jury and since he was, therefore, no longer the subject of an undisposed felony complaint in a local criminal court, the District Attorney was under no affirmative obligation to notify the defendant of prospective or pending Grand Jury proceedings." (*People v Conde*, 131 AD2d 586.) In any event, under the circumstances, defendant had adequate notice of the impending Grand Jury proceedings.

The court did not err in permitting the jurors to experiment, after appropriate cautionary instructions, with the officer's binoculars which had been received in evidence. As this Court has recently held, such use could have been " 'no more than the application of every day perceptions and common sense to the issues presented in the trial' " (*People v Rivera*, 215 AD2d 102, *lv denied* 86 NY2d 801). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.