■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CHANDLER, Appellant. [673 NYS2d 100] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 14, 1996, convicting defendant, after a

jury trial, of attempted murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 18 years to life, 7½ to 15 years, 3½ to 7 years, and 3½ to 7 years, respectively, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of vacating the attempted murder conviction and the sentence imposed thereon and dismissing that count of the indictment, and otherwise affirmed.

Evidence that defendant momentarily pointed a loaded semiautomatic pistol at the chest of a police officer from a distance of approximately 25 feet was insufficient to prove attempted murder in the first degree, "there being no proof that defendant had his finger on the trigger * * * or otherwise came ' "very near to the accomplishment of the intended crime" ' ". (*People v Mendez*, 197 AD2d 485, *lv denied* 83 NY2d 807.) Although defendant had fired shots in the direction of civilians moments before his encounter with the police, there was insufficient continuity between these two incidents to permit an inference that defendant's finger remained on the trigger. Also pertinent to defendant's state of mind is the fact that defendant was already seriously wounded by earlier gunfire.

Furthermore, under these circumstances, the evidence was insufficient to prove beyond a reasonable doubt that defendant intended to kill the officer. Although defendant's acts were dangerous and reprehensible, they were not enough to warrant an inference of homicidal intent (*see, People v Bracey*, 41 NY2d 296, 301). Although defendant did not preserve the issue of intent for appellate review, we consider it in the interest of justice.

In the exercise of our factual review power, we also find that, for the foregoing reasons, the attempted murder conviction was against the weight of the evidence. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.