■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARISTOTLES ACEVEDO, Appellant. [683 NYS2d 499] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 9, 1993, convicting defendant, after a jury trial, of attempted murder in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 15 years to life on the attempted murder conviction, consecutive to a term of 4½ to 9 years on the robbery conviction and concurrent with a term of 3½ to 7 years on the weapon conviction, unanimously affirmed.

Defendant was not deprived of his right to be present during

jury selection. The court reporter's notations relied upon by defendant fail to establish his absence from sidebar or robing room conferences, when these notations are read in the context of the entire *voir dire* record, along with all reasonable inferences that may be drawn therefrom (*see, People v Pena*, 243 AD2d 337; *People v Mason*, 227 AD2d 289, *affd* 89 NY2d 878).

The verdict on the attempted murder count was supported by legally sufficient evidence (*see, People v Jing Chen*, 217 AD2d 637), and was not against the weight of the evidence. The ballistics expert who examined defendant's semi-automatic Glock gun testified that the trigger was depressed, that the gun had been discharged at some time, and that there were 13 rounds in the magazine but none in the chamber, whereas a fully loaded Glock would have an additional round in the chamber. This configuration led the expert to conclude that the gun had probably been improperly loaded or fired and had "dry fired" (i.e., no bullet was expelled from the weapon). Coupled with defendant's conduct in pointing the gun threateningly at the pursuing police officer, this evidence permitted a reasonable jury to reject the defense theory that defendant did not pull the trigger, and to find that defendant had attempted to shoot the officer, despite the fact that no bullets from defendant's gun were found at the scene. This case is distinguishable from our decision in *People v Chandler* (250 AD2d 410, 411) in that in *Chandler*, there was no evidence to suggest that defendant, who was seriously wounded, had his finger on the trigger when he "momentarily" pointed it at the officer.

The testimony of a police officer on departmental guidelines and another officer's testimony concerning the fear he experienced when defendant pointed a gun at him were admissible in view of the defense strategy. The officer's testimony about his fear was relevant to credibility issues presented at trial, and the court properly admitted the testimony concerning the propriety of the force used under the Police Department guidelines, because defendant made this an issue in the case (*see, People v Graves*, 85 NY2d 1024, 1026; *People v McMillan*, 197 AD2d 476, *lv denied* 82 NY2d 927).

Defendant's claims of ineffective assistance of counsel would require a CPL 440.10 motion to further develop the record since they concern issues of strategy (*see, People v Love*, 57 NY2d 998). On the existing record, we find that defendant received effective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 708-709; *People v Baldi*, 54 NY2d 137). Concur—Milonas, J. P., Rosenberger, Ellerin, Wallach and Williams, JJ.