■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GOMEZ, Appellant. [710 NYS2d 53] —Judgment,

Supreme Court, New York County (Renee White, J.), rendered September 8, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 7 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who, despite some initial hesitation, unequivocally stated that her verdict would not be affected by her strong support of gun control (see, People v Williams, 63 NY2d 882, 884-885).

Defense counsel expressly waived, on behalf of defendant, any objection to the court's granting the deliberating jury's request for permission to conduct a jury room demonstration involving dropping a pistol that had been received in evidence. We find the issues raised by defendant on appeal to be waivable and the waiver to be effective. Defendant's right to be present and right to have the trial conducted under the supervision of the court were not implicated because the demonstration was to be conducted by the jurors themselves as an adjunct to their deliberations, in which the court, counsel and defendant play no role (see, People v Monroe, 90 NY2d 982). The silent presence of a court officer in the jury room for safety reasons during the demonstration itself was ministerial (see, People v Bonaparte, 78 NY2d 26). In any event, the experiment was appropriate. In this weapon possession case, the type of sound the weapon would make when dropped became an issue at trial. Accordingly, the court properly agreed to the jury's request for permission to drop the weapon on the floor. The demonstration was permissible because it involved the jurors' application of everyday experiences, perceptions and common sense (see, People v Lennon, 223 AD2d 403, lv denied 87 NY2d 1021; People v Rivera, 215 AD2d 102, lv denied 86 NY2d 801; see also, People v McMillan, 197 AD2d 476, 477, lv denied 82 NY2d 927). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.