■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SEAN KYLER, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN KYLER, Appellant. [720 NYS2d 480] —Order, Supreme Court, New York County (James Yates, J.), entered March 11, 1997, which granted defendant's motion to set aside the jury's verdict convicting defendant of murder in the second degree (felony murder) under the second count of the indictment and dismissed that count, unanimously reversed, on the law, the motion denied, the verdict reinstated and the matter remanded for sentencing on the felony murder count. Judgment, same court and Justice, rendered March 11, 1997, convicting defendant, after a jury trial of murder in the second degree (intentional murder), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 5 to 15 years and 2¹/₃ to 7 years, respectively, unanimously affirmed.

The victim, Kevin Bellamy, was killed after having made a

drug purchase. The evidence in support of the charge of intentional murder is overwhelming. The issue for review is whether the evidence also satisfied the standard for felony murder. Dexter Mitchell had accompanied Bellamy to the location of the purchase and witnessed the killing. Mitchell saw Bellamy enter the building where they ordinarily purchased cocaine with a person who had participated in prior sales. The usual arrangement was that the purchaser would enter and pay, and then receive the cocaine upon leaving from another participant who would pass the foil wrapping in a "high five" exchange. Upon exiting, Bellamy "high fived" another of the usual participants, apparently concluding the sale. Bellamy then walked away directly behind Mitchell. They shortly passed defendant, whom Mitchell recognized as a person he had seen hanging out in the general location on several prior occasions. As they passed defendant, Mitchell heard someone say "hold it," then heard Bellamy say "Oh, shit," and, turning around, Mitchell saw defendant's left arm wrapped around Bellamy's neck. Mitchell then saw defendant remove a handgun from his coat pocket, thrust it at Bellamy's chest and fire. Defendant fled into a nearby building, where someone held the door open for him. Charles Leach, a local resident who had known defendant for several years, also observed the incident. Leach was passing by when he saw defendant "tussling" with the victim, heard a shot as he ducked behind a post, saw defendant run and the other person fall to the ground. Responding police recovered no drugs either from Bellamy or from the location where he fell. Defendant was identified in a lineup and arrested the following day. Ballistics evidence indicated that a .380 caliber bullet recovered from defendant was the same type of bullet recovered from Bellamy's body. Medical evidence established that death resulted from a bullet entering the left side of Bellamy's chest, and additional evidence established that the gun was in contact with Bellamy's coat when it was fired.

The jury convicted defendant of both intentional murder and felony murder, the latter charge predicated on the theory that defendant shot the victim while robbing him of the drugs just purchased. The trial court, setting aside the felony murder conviction, found insufficient evidence of the robbery. We disagree.

Viewing the evidence in a light most favorable to the People under the standards articulated in *People v Bleakley* (69 NY2d 490, 495), the verdict convicting defendant of felony murder was supported by proof evidencing his guilt beyond a reason-

able doubt. The element of intent for the underlying felony of robbery was, under these circumstances, manifest in defendant's conduct (*People v Conlan*, 188 AD2d 429, *lv denied* 81 NY2d 969). Bellamy obtained the cocaine by "high-fiving" the drug dealer in open view and in close proximity of defendant. The jury could have inferred that defendant observed the purchase. Defendant was then seen "tussling" with Bellamy before shooting him. The shooting must be coupled with the fact that drugs apparently just purchased were now missing. The jury could have concluded, from the evidence presented, that defendant shot and killed Bellamy in the process of robbing him of the cocaine. We have considered defendant's remaining contentions and find them to be without merit. Concur—Tom, J. P., Ellerin, Wallach, Lerner and Buckley, JJ.