THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON NARADZAY, Appellant. [855 NYS2d 779]—

Appeal from a judgment of the Supreme Court, Onondaga County, (John J. Brunetti, A.J.), rendered October 25, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree (two counts), attempted burglary in the first degree, and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), and one count each of attempted burglary in the first degree (§§ 110.00, 140.30 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), defendant contends that the evidence is legally insufficient to support the conviction with respect to attempted murder and attempted burglary and that, instead, the evidence in support of those crimes was based on "pure conjecture." We reject that contention.

The People presented evidence at trial that defendant planned to kill a female acquaintance and her husband and that, when the police arrived at the scene in response to a 911 telephone call reporting that there was a man with a shotgun in a specified neighborhood, defendant approached the police and stated that he has "mental problems." When the police asked defen-

dant if he had any weapons, he replied that he had a shotgun and pointed to it. The shotgun was resting on a snowbank, about 5 to 10 feet away from where defendant was standing. The police then handcuffed defendant, retrieved the weapon and determined that it was loaded with four rounds of ammunition. The People further presented evidence that defendant told a newspaper reporter, after the fact, that his intention was to "slay the husband and wife and have their children watch." Furthermore, the police found on defendant's person a handwritten note, i.e., a "to-do list," prepared by defendant. The "to-do list" contained a step-by-step plan for breaking into the residence and killing the couple in front of their children.

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). It is well established that conduct tends to effect the commission of a crime when it brings the perpetrator "so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference" (*People v Rizzo*, 246 NY 334, 337 [1927]; *see generally People v Kassebaum*, 95 NY2d 611, 618 [2001], *cert denied* 532 US 1069 [2001], *rearg denied* 96 NY2d 854 [2001]; *People v Di Stefano*, 38 NY2d 640, 652 [1976]). "It is difficult, if not impossible, to lay down any general rule by which it can be determined whether [conduct is] too remote to constitute an attempt to commit the offense" (*People v Sullivan*, 173 NY 122, 135 [1903]). Such a determination "depends greatly on the facts of the particular case" (*People v Mahboubian*, 74 NY2d 174, 190 [1989]). The Court of Appeals has written that, although the act generally must go beyond "mere preparation" (*People v Bracey*, 41 NY2d 296, 300 [1977], *rearg denied* 41 NY2d 1010 [1977]), "[t]he act need not be 'the final one towards the completion of the offense'" (*id.*, quoting *Sullivan*, 173 NY at 133).

In support of his contention that the conviction of attempted burglary and attempted murder was based on conjecture rather than the requisite legally sufficient evidence, defendant relies upon a series of cases involving attempted murder in the first degree, wherein the defendants had pointed firearms at police officers (*see People v Acevedo*, 256 AD2d 162 [1998], *lv denied* 93 NY2d 921 [1999]; *People v Chandler*, 250 AD2d 410 [1998]; *People v Mendez*, 197 AD2d 485 [1993], *lv denied* 83 NY2d 807 [1994]). In those cases, it was determined that the conviction of attempted murder had to be supported both by evidence that the defendant aimed a loaded weapon at a police officer and by evidence that the defendant also "engaged in conduct consistent

with shooting" the weapon, such as having a finger on the trigger (*People v Smith*, 32 AD3d 1318, 1319 [2006], *lv denied* 7 NY3d 929 [2006]; *see Mendez*, 197 AD2d at 485). Defendant's reliance on those cases thus is misplaced, because in those cases the intent to kill can only be inferred from the totality of the defendant's acts, which might otherwise be explained as being intended to enable the defendant to flee rather than to kill the officer. The analysis of an attempt crime differs, however, when the defendant's "criminal intent is beyond peradventure" (*People v Trepanier*, 84 AD2d 374, 376 [1982]; *see generally People v Sabo*, 179 Misc 2d 396, 401-405 [1998]), as it is in this case.

Here, the People presented evidence that defendant formed and, indeed, documented his criminal intent by his "to-do list," and that he purchased a shotgun and 25 shells, borrowed a vehicle, drove to the neighborhood of his intended victims with the shotgun and shells, removed the trigger-lock on the weapon, loaded the shotgun with four rounds of ammunition, exited the vehicle with the loaded shotgun, and walked to the edge of the intended victims' property. We conclude that, by that point, defendant's actions had gone far beyond mere preparation but, rather, had become "potentially and immediately dangerous . . . [and] 'had gone to the extent of placing it in [his] power to commit the offense unless interrupted' " (*Mahboubian*, 74 NY2d at 191, quoting *People v Sobieskoda*, 235 NY 411, 419 [1923]). Contrary to the view of our dissenting colleague, the fact that defendant never set foot on the property of the intended victims or pointed the shotgun at them is not dispositive of the issue whether the evidence is legally sufficient to establish whether defendant committed either attempted murder or attempted burglary. Moreover, unlike the facts in *Rizzo*, here, defendant knew exactly where his intended victims could be found (*see* 246 NY at 339). Thus, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), provided a "valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Williams*, 84 NY2d 925, 926 [1994]).

Contrary to defendant's further contention, Supreme Court properly refused to suppress defendant's handwritten "to-do list" and certain statements made by defendant at the scene before he was advised of his *Miranda* rights. Addressing first defendant's statements, we conclude that they were responses to threshold inquiries by the police that were "intended to ascertain the nature of the situation during initial investigation

of a crime, rather than to elicit evidence of a crime" (*People v Morales*, 216 AD2d 154, 154 [1995]; *see generally People v Huffman*, 41 NY2d 29, 34 [1976]), and those statements thus were not subject to suppression (*see People v Madore*, 289 AD2d 986 [2001], *lv denied* 97 NY2d 757 [2002]; *People v Harris*, 272 AD2d 225 [2000], *lv denied* 95 NY2d 935 [2000]). Further, the police had probable cause to believe that defendant possessed the shotgun with the intent to use it unlawfully because he told the police that he was at the scene because "[t]his bitch f—ed [him] over." The police thus had probable cause to arrest defendant (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]), and the "to-do list" was lawfully seized as incident to a lawful arrest (*see People v Weintraub*, 35 NY2d 351, 353-354 [1974]).

All concur except Green, J., who dissents in part and votes to modify in accordance with the following memorandum.

Green, J. (dissenting in part). I respectfully dissent in part. Contrary to the view of the majority, I do not believe that the evidence is legally sufficient to support the conviction of attempted murder in the second degree or attempted burglary in the first degree. As the majority correctly notes, section 110.00 of the Penal Law provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime." Although I agree with the majority that the detailed "to-do list" seized from defendant at the scene and his statements following his arrest establish that he planned and intended to commit burglary and murder, "[t]his alone is insufficient . . . to establish criminal liability for attempt" (*People v Trepanier*, 84 AD2d 374, 376 [1982]). As noted, Penal Law § 110.00 also requires proof of conduct tending to effect the commission of the intended crime or crimes. "[I]t must be proven that the defendant acted to carry out his intent. The law does not punish evil thoughts" (*People v Bracey*, 41 NY2d 296, 300 [1977], *rearg denied* 41 NY2d 1010 [1977]). Further, the conduct "constituting an attempt [must come] very near to the accomplishment of the crime" (*People v Rizzo*, 246 NY 334, 337 [1927]) or "dangerously near" thereto (*id.* at 338; *see People v Acosta*, 80 NY2d 665, 670 [1993]; *People v Mahboubian*, 74 NY2d 174, 190 [1989]; *People v Di Stefano*, 38 NY2d 640, 652 [1976]).

Here, defendant's conduct did not come "very near" or "dangerously near" to the commission of the intended burglary or murders. According to the evidence presented at trial, a witness observed defendant walking in the vicinity of the residence of the intended victims. That witness called 911, and the police officer dispatched to the scene observed defendant some distance

away from the driveway leading to the rear of the residence of the intended victims, and defendant's shotgun was lying on a snowbank 5 to 10 feet away from defendant. There was no evidence that defendant ever set foot on the property of the intended victims, nor was there evidence that he pointed the shotgun at either intended victim. Indeed, defendant was never in the presence of the intended victims and, according to the evidence presented at trial, one of the intended victims was out of town at the time of the incident.

It has been held that evidence of conduct far closer to the accomplishment of a murder, i.e., pointing a loaded pistol at a police officer, is legally insufficient to support a conviction of attempted murder absent further "proof that the defendant had his finger on the trigger . . . , or otherwise came ' "very near to the accomplishment of the intended crime" ' " (*People v Mendez*, 197 AD2d 485, 485 [1993], *lv denied* 83 NY2d 807 [1994], quoting *Di Stefano*, 38 NY2d at 652; *see People v Chandler*, 250 AD2d 410 [1998]). Such further proof was presented in *People v Acevedo* (256 AD2d 162 [1998], *lv denied* 93 NY2d 921 [1999]), in which the conviction of attempted murder was upheld. Significantly, the Court of Appeals has written that "a man [would not] be guilty of an attempt to commit a murder if he armed himself and started out to find the person whom he had planned to kill but could not find him" (*Rizzo*, 246 NY at 339; *People v Sullivan*, 173 NY 122, 135-136 [1903]), and the Court further wrote in *Rizzo* that "[m]en would not be guilty of an attempt at burglary if they had planned to break into a building and were arrested while they were hunting about the streets for the building not knowing where it was" (*id.* at 338-339; *see Sullivan*, 173 NY at 135). I therefore would modify the judgment by reversing those parts convicting defendant of attempted murder in the second degree and attempted burglary in the first degree and dismissing counts one, two and six of the indictment, and I would remit the matter to Supreme Court for proceedings pursuant to CPL 470.45. Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.