■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SPRINGS, Appellant. [871 NYS2d 136]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., at suppression motion; Charles H. Solomon, J., at nonjury trial and sentence), rendered June 12, 2007, convicting defendant of burglary in the third degree, and sentencing him to a term of 2½ to 5 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence, including, among other things, a surveillance videotape and defendant's own statements to the police, to establish that he knowingly entered a basement unlawfully, and did so with the intent to steal property.

The trial court properly declined to consider criminal trespass in the second and third degrees as lesser included offenses, as there was no reasonable view of the evidence, viewed most favorably to defendant, to support those charges (*see e.g. People v Jones*, 33 AD3d 461 [2006], *lv denied* 7 NY3d 926 [2006]). There was no evidence to support a reasonable view that defendant, by reason of alleged intoxication or otherwise, entered the premises without the intent to steal.

The motion court properly denied that portion of defendant's suppression motion that sought a *Dunaway* hearing. The allegations in defendant's moving papers, when considered in the context of the detailed information provided to defendant, were insufficient to create a factual dispute requiring such a hearing (*compare People v Long*, 36 AD3d 132 [2006], *affd* 8 NY3d 1014 [2007], *with People v Bryant*, 8 NY3d 530, 533-534 [2007]). Defendant merely claimed, in a conclusory manner, that he had lawfully entered the building and that he was not engaged in "any illegal or illicit behavior at the time of his arrest or at [any time] prior to his arrest." However, he did not address the specific allegations set forth in the felony complaint and voluntary disclosure form.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.