# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

775

KA 08-01881

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

CARLOS SANTIAGO, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered June 30, 2008. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and unlawful imprisonment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing that part convicting defendant of sexual abuse in the first degree under the fourth count of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although "an acquittal would not have been unreasonable" (*Danielson*, 9 NY3d at 348), "[w]here, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *Bleakley*, 69 NY2d at 495). Contrary to defendant's further contention, the testimony of the prosecution witnesses was not incredible as a matter of law, that is, it was not " 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Garafolo*, 44 AD2d 86, 88; *see People v Rumph*, 93 AD3d 1346, 1347; *People v Wallace*, 306 AD2d 802, 802-803).

We reject defendant's contention that County Court erred in refusing to suppress the in-court identification by the victim on the ground that it was based on an unduly suggestive photo array identification procedure. Contrary to the People's contention, defendant preserved that contention for our review inasmuch as the suppression court "specifically confronted and resolved [the] issue" (*People v Feingold*, 7 NY3d 288, 290). We conclude, however, that the People met their initial burden of establishing the reasonableness of the police conduct with respect to the photo array, and defendant failed to meet his ultimate burden of proving that the identification procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833).

Defendant failed to preserve for our review his further contention that the indictment is multiplicitous (*see* CPL 470.05 [2]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, the fourth count of the indictment, charging sexual abuse in the first degree, must be dismissed because where, as here, "the evidence . . . shows a single, uninterrupted attack in which the attacker gropes several parts of a victim's body, the attacker may be charged with only one count of sexual abuse" (*People v Alonzo*, 16 NY3d 267, 268). We therefore modify the judgment accordingly.

Defendant contends that the court erred in sentencing him as a second felony offender. At sentencing, defendant challenged the prior conviction from Pennsylvania solely upon the ground that he would have been eligible to be adjudicated a youthful offender upon the conviction if it had occurred in New York but that such relief was not available in Pennsylvania. On appeal, however, he contends that the Pennsylvania conviction would not constitute a conviction in New York because he was 15 years old at the time of conviction, and a 15-year-old could not be convicted in New York of manslaughter in the second degree, one of the offenses encompassed by the Pennsylvania conviction of murder in the third degree (*see* 18 Pa Cons Stat Ann § 2502 [c]).

The Court of Appeals has stated that, in order "[t]o determine whether a foreign crime is equivalent to a New York felony[,] the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' " (*People v Gonzalez*, 61 NY2d 586, 589, quoting *People v Olah*, 300 NY 96, 98). The Court added, however, that, "[a]s an exception to the . . . rule [set forth in *People v Olah*, it has] permitted a sentencing court to go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies" and in others would not constitute felonies (*id.* at 590). Preservation is required when the defendant's contention requires that the sentencing court determine "whether a particular out-of-State conviction is the equivalent of a New York felony[, which] may involve production and examination of foreign accusatory instruments and, conceivably, the

resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions" (*People v Samms*, 95 NY2d 52, 57). That is the case here, inasmuch as defendant contends that the Pennsylvania conviction encompasses several crimes, some of which he could not be convicted upon in New York.  Inasmuch as defendant failed to contend before the sentencing court that the Pennsylvania conviction would not constitute a conviction in New York based on his age at the time of the crimes, he failed to preserve his contention for our review (*see id.*), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court