SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1221
KA 12-00122
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HILLERY M. DUPLEASIS, DEFENDANT-APPELLANT.

_____

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered January 13, 2012.  The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the DNA databank fee and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [3]).  On a prior appeal, we reversed the judgment convicting defendant of, inter alia, the instant crime and granted a new trial based on our conclusion that "Supreme Court failed to comply with CPL 310.30 during jury deliberations" (*People v Dupleasis*, 79 AD3d 1777, 1778).  Defendant was retried on only one count of murder in the second degree, and now contends that the evidence is legally insufficient to establish that he was the individual who shot the victim or that the homicide took place during a robbery or a burglary. As defendant correctly concedes, he failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19), and we conclude in any event that it lacks merit.  The testimony of defendant's accomplice is legally sufficient to establish both facts (*see generally People v Bleakley*, 69 NY2d 490, 495), and that testimony was not incredible as a matter of law (*see People v Shedrick*, 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758; *see also People v Santiago*, 96 AD3d 1495, 1496, *mod on other grounds* 22 NY3d 900). Moreover, the accomplice's testimony was sufficiently corroborated (*see generally People v Reome*, 15 NY3d 188, 191-192).  "Although there is no direct evidence of defendant's intent to commit the robbery [or burglary], it is well settled that '[i]ntent may be inferred from

conduct as well as the surrounding circumstances' " (*People v DeNormand*, 1 AD3d 1047, 1048, *lv denied* 1 NY3d 626, quoting *People v Steinberg*, 79 NY2d 673, 682; *see People v Kyler*, 280 AD2d 346, 347-348, *lv denied* 96 NY2d 802).  Inasmuch as the evidence is legally sufficient to support the conviction, we reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal on more specific grounds.  "It is well settled that [a] defendant is not denied effective assistance of trial counsel [where defense] counsel does not make a motion or argument that has little or no chance of success" (*People v Wilson*, 104 AD3d 1231, 1232, *lv denied* 21 NY3d 1011, *reconsideration denied* 21 NY3d 1078 [internal quotation marks omitted]; *see People v Webb*, 60 AD3d 1291, 1292, *lv denied* 12 NY3d 930).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally id.*).

"By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his further contention . . . that the ruling constitutes an abuse of discretion . . . In any event, the court's *Sandoval* ruling did not constitute a clear abuse of discretion warranting reversal . . . The prior convictions in question were relevant to the credibility of defendant" (*People v Tolliver*, 93 AD3d 1150, 1151-1152, *lv denied* 19 NY3d 968 [internal quotation marks omitted]; *see People v Williams*, 101 AD3d 1730, 1732, *lv denied* 21 NY3d 1021).  In our view, "the court's ruling was a considered decision [that] took into account all relevant factors and further struck a proper balance between the probative value of the[ ] convictions on defendant's credibility and the possible prejudice to him" (*People v Poole*, 79 AD3d 1685, 1686, *lv denied* 16 NY3d 862 [internal quotation marks omitted]).

Finally, we conclude that the sentence is not unduly harsh or severe but, as we noted in the prior appeal, "in view of the date on which the crimes were committed, the court erred in imposing the DNA databank fee" (*Dupleasis*, 79 AD3d at 1778; *see People v Cooper*, 77 AD3d 1417, 1419, *lv denied* 16 NY3d 742).  We therefore modify the judgment accordingly.

Entered:  December 27, 2013                  Frances E. Cafarell
                                             Clerk of the Court