# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1080

KA 12-01920

PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DAVID F. ROBINSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 10, 2010. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the amount of restitution to $2,000, and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]) and, in appeal No. 2, he appeals from a judgment convicting him, also upon his plea of guilty, of criminal possession of a weapon in the second degree (§ 265.03 [3]). In both appeals, defendant contends that he was represented by counsel on a matter upon which he was questioned by the police, and that County Court therefore erred in refusing to suppress his statements to the police. Although defendant's contention survives his guilty pleas (*see* CPL 710.70 [2]), we conclude that it lacks merit. There was no evidence at the *Huntley* hearing that defendant was represented by counsel on any pending charge when he was questioned, and he thus failed to demonstrate that his right to counsel had indelibly attached (*cf. People v Huntsman*, 96 AD3d 1390, 1391-1392).

Contrary to defendant's further contention in both appeals, the court properly refused to conduct a *Mapp* hearing in connection with his request to suppress all evidence arising from the stop of the vehicle that he was operating. In seeking a hearing, defendant alleged that the police lacked reasonable suspicion to stop the vehicle because he had properly stopped at a stop sign before the police pursued him on a high-speed chase throughout the City of

Rochester.  The discovery materials and accusatory instruments that had been provided to defendant indicated that a police sergeant observed defendant operating a vehicle that had been reported stolen the day before, and that as the sergeant began to pursue the vehicle he observed it go through a stop sign without coming to a complete stop.  The discovery materials further indicated that the sergeant and other officers observed defendant commit a lengthy series of crimes and additional traffic infractions during the resulting pursuit, culminating in defendant crashing into a stopped Rochester Police Department patrol vehicle.  "The allegations in defendant's moving papers, when considered in the context of the detailed information provided to defendant, were insufficient to create a factual dispute requiring such a hearing" (*People v Springs*, 58 AD3d 541, 542, *lv denied* 12 NY3d 788; *see People v Caldwell*, 78 AD3d 1562, 1563, *lv denied* 16 NY3d 796; *see generally People v Long*, 8 NY3d 1014, 1015).

Defendant further contends in appeal No. 1 that the court erred in denying his day-of-trial request for an adjournment to retain a new attorney.  Even assuming, arguendo, that defendant did not forfeit that contention by pleading guilty (*see generally People v Hansen*, 95 NY2d 227, 230-232), we reject defendant's contention.  It is well settled that "the constitutional right to [a defense] by counsel of one's own choosing does not bestow upon a criminal defendant the absolute right to demand that his trial be delayed while he selects another attorney to represent him at trial . . . Whether a continuance should be granted is largely within the discretion of the Trial Judge" (*People v Arroyave*, 49 NY2d 264, 271).  Here, we perceive no abuse of that discretion.

Defendant further contends that the court erred in imposing restitution in excess of the amount promised during the plea.  Even assuming, arguendo, that the People are correct that "[d]efendant failed to preserve for our review his challenge to the amount of restitution imposed" (*People v White*, 70 AD3d 1316, 1318, *lv denied* 14 NY3d 845), we nevertheless exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  We conclude, as the People correctly concede, that the amount of restitution imposed was in excess of the amount set forth in the plea agreement, and we thus conclude that the court erred in imposing that amount.  The parties agree, and the record establishes, that the court promised at the time of the plea to cap the amount of restitution at $2,000.  We therefore modify the judgment in appeal No. 1 by reducing the amount of restitution accordingly (*see People v Butti*, 250 AD2d 859, 860, *lv denied* 92 NY2d 923).

Entered:  October 9, 2015                         Frances E. Cafarell
                                                  Clerk of the Court