# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1086**
**KA 13-01139**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JOSHUA MITCHELL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSHUA MITCHELL, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 19, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). Defendant was a passenger in the backseat of a Saturn that was stopped by a police officer who heard gunshots and observed the Saturn leaving the location from which the shots were fired. The officer saw defendant exit the Saturn immediately before the shooting. Although a man was hit by one of the gunshots and died shortly thereafter, the officer was unaware that anyone had been injured when he stopped the Saturn. The officer and several backup officers removed defendant and the other people from the car and, without providing *Miranda* warnings, the initial officer questioned defendant about what had occurred. Defendant told the officer that he had been in the area to purchase marihuana when someone started shooting. Defendant made similar statements to a second officer who questioned him without providing *Miranda* warnings, and also spoke to a third officer who questioned him but did provide the warnings.

In the initial omnibus motion, defendant's first attorney sought, inter alia, suppression of defendant's statements to the police or a *Huntley* hearing. After that hearing, County Court suppressed defendant's statements to the second officer, but declined to suppress those made to the other officers. The court granted defendant's

motion to replace his attorney and assigned a second attorney who, shortly before trial, moved to suppress all fruits of the stop of the Saturn on the ground that the officer who stopped it lacked probable cause to arrest defendant or reasonable suspicion to stop the vehicle. The court denied the motion, concluding that it was untimely and that the allegations in the motion papers were insufficient to warrant a hearing.

Contrary to defendant's contention in his main brief, we conclude that his statements to the first officer "were responses to threshold inquiries by the police that were 'intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime,' and those statements thus were not subject to suppression" (*People v Naradzay*, 50 AD3d 1489, 1491-1492, *affd* 11 NY3d 460, 468; *see also People v Shelton*, 111 AD3d 1334, 1336-1337, *lv denied* 23 NY3d 1025).  Even assuming, arguendo, that the third officer's failure to make a verbatim record of defendant's statement would be a basis for suppression (*cf. People v Bridges*, 226 AD2d 471, 471; *cf. generally People v Esquerdo*, 71 AD3d 1424, 1425, *lv denied* 14 NY3d 887), we conclude that there is no evidence supporting defendant's contention in his main brief that there was such a failure here.  Thus, the court properly denied defendant's motion to suppress his statements to those two officers.

Defendant further contends in his main brief that the court erred in denying his second suppression motion without conducting a hearing, and in his main and pro se supplemental briefs he contends that he was denied effective assistance of counsel by his attorneys' failures to make a timely, sufficient motion to suppress the evidence seized as the result of the stop.  He also raises additional instances of alleged ineffective assistance of counsel in his pro se supplemental brief.  We reject those contentions.

It is well settled that " '[h]earings are not automatic or generally available for the asking by boilerplate allegations' " (*People v Bryant*, 8 NY3d 530, 533, quoting *People v Mendoza*, 82 NY2d 415, 422).  Here, "[t]he allegations in defendant's moving papers, when considered in the context of the detailed information provided to defendant, were insufficient to create a factual dispute requiring such a hearing . . . Defendant . . . did not address the specific allegations set forth in the felony complaint" and the other discovery materials provided to him (*People v Springs*, 58 AD3d 541, 542, *lv denied* 12 NY3d 788), which included the relevant grand jury testimony of the witness.  Thus, the court properly denied the motion without conducting a hearing based on the insufficiency of the allegations and, under the circumstances of this case, any issue concerning the timeliness of the motion is of no moment.  Furthermore, "we agree with the People that defendant's attorney was not ineffective in failing to make a suppression motion 'that ha[d] little or no chance of success' " (*People v Chappell*, 124 AD3d 1409, 1410, *lv denied* 25 NY3d 1070, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  We have considered defendant's remaining challenges to the representation provided by his attorneys, and we conclude that they are without merit.  Viewing the evidence, the law and the

circumstances of the case, in totality and as of the time of the representation, we conclude that each of defendant's attorneys provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence, based primarily upon his contention that there is no direct evidence that he fired the shot that killed the victim. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926 [internal quotation marks omitted]; *see People v Annis*, 126 AD3d 1525, 1525-1526; *see generally People v Bleakley*, 69 NY2d 490, 495). In addition to the observations of the officer noted above, the People established, among other things, that one of the passengers in the Saturn saw defendant throw a black object consistent with a handgun out of the window of the vehicle as it left the scene of the shooting, a .38 caliber handgun was found on defendant's route of travel where the passenger said defendant threw the object, and an expert testified that the projectile recovered from the victim's body had been fired by that .38 caliber handgun. Furthermore, the same type of ammunition was found in the trunk of the Saturn. The People also established that defendant sent a text message to a friend two days before this incident, seeking a weapon and .38 caliber ammunition. We conclude that there is ample evidence in the record from which the jury could have reasonably concluded that defendant fired the shot that killed the victim. Further, upon viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

"By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his present challenge to that ruling" (*People v Reed*, 115 AD3d 1334, 1335, *lv denied* 23 NY3d 1024). In any event, the court's *Sandoval* ruling does not constitute an abuse of discretion. To the contrary, "[t]he prior convictions in question were relevant to the credibility of defendant" (*People v Tolliver*, 93 AD3d 1150, 1152, *lv denied* 19 NY3d 968; *see People v Williams*, 101 AD3d 1730, 1732, *lv denied* 21 NY3d 1021), and the court's ruling took into account all relevant factors and struck a proper balance between the probative value of the convictions on which it permitted the prosecutor to cross-examine defendant and the possible prejudice to him, and precluded or limited cross-examination with respect to other convictions (*see People v Dupleasis*, 112 AD3d 1318, 1320, *lv denied* 22 NY3d 1138).

Defendant's further contention in his pro se supplemental brief that the felony complaint is defective is not properly before us. "The felony complaint was superseded by the indictment [upon which

defendant was found] guilty, and he therefore may not challenge the felony complaint" on appeal (*People v Anderson*, 90 AD3d 1475, 1477, *lv denied* 18 NY3d 991; *see People v Jackson*, 286 AD2d 912, 912, *lv denied* 97 NY2d 755).

The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs, and conclude that they are without merit.

Entered: October 9, 2015                               Frances E. Cafarell
                                                       Clerk of the Court