■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GREEN, Appellant. [919 NYS2d 152]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Moreover, the evidence overwhelmingly established that defendant was a participant in a drug-selling operation and a possessor of contraband found in two apartments being used as drug factories.

Defendant has not established a violation of the principles of *People v O'Rama* (78 NY2d 270 [1991]) in connection with a note from the deliberating jury. Before deliberations began, defense counsel expressly agreed to permit the jury to examine the exhibits in evidence. In the note in question on appeal, the jury requested permission to open an evidence bag and try a key in a lock. Under the circumstances of the case, this was not a request to perform an experiment or demonstration, but was essentially a request to apply "everyday experiences, perceptions, and common sense" (*People v Gomez*, 273 AD2d 160, 161 [2000], *lv denied* 95 NY2d 890 [2000]) in handling the exhibit. Accordingly, the request was ministerial rather than substantive (*cf. People v Kelly*, 5 NY3d 116, 120 [2005]), and there was no need for input from counsel.

The court properly conducted an in camera, ex parte hearing concerning an informant's existence and his communications to the police, in accordance with *People v Darden* (34 NY2d 177 [1974]). Defendant incorrectly asserts that this hearing also constituted a general suppression hearing at which he had a right to be present. After the hearing, the court informed the parties that the hearing testimony raised issues that might warrant an adversarial suppression hearing, and released pertinent portions of that testimony. The court made no determinations regarding those issues at that time, and offered defendant the opportunity to litigate them at a conventional hearing. Defense counsel declined the offer of a hearing, and chose to rely on written submissions and the *Darden* hearing minutes. Accordingly, defendant waived any objection to the procedure by which the court resolved the suppression issues (*cf. People v Jenkins*, 38 AD3d 230 [2007], *lv denied* 8 NY3d 986 [2007]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown a reasonable probability that counsel's isolated error in opening the door to the introduction of two of defendant's prior convictions affected the outcome of the trial, given the overwhelming evidence of guilt. The additional ineffective assistance arguments raised in defendant's pro se supplemental brief are unreviewable on direct appeal because they involve matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]).

The court properly exercised its discretion in determining that defense counsel's opening statement opened the door to admission of an item of physical evidence that the court had suppressed (*see People v Massie*, 2 NY3d 179, 183-185 [2004]). In any event, any error in admitting this evidence was harmless (*see People v. Crimmins*, 36 NY2d 230 [1975]). Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.