■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESHUN JACKSON, Appellant. [963 NYS2d 254]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Ruth Pickholz, J., at jury trial and sentencing), rendered March 31, 2009, as amended April 16, 2009, convicting defendant of two counts each of robbery in the first and second degrees and two counts each of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 12 years, unanimously affirmed.

Defendant did not provide a record sufficient to permit review of his claim that the court failed to comply with the procedural requirements set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) in responding to three jury notes. Viewed in light of the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), the existing record, to the extent it permits review, does not establish that the court failed to fulfill its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]). There is no evidence that the court prevented defense counsel from knowing the specific contents of the notes, or from suggesting different responses from those the court provided (*see People v Starling*, 85 NY2d 509, 516 [1995]). Assuming, without deciding, that the procedure adopted by the court in responding to the jury's notes may have been error, it was not a mode of proceedings error (*see People v Kadarko*, 14 NY3d 426, 429-430 [2010]). Accordingly, defense counsel's failure to object at that time, when the error could have been cured, renders defendant's claim unpreserved for review (*see People v Ramirez*, 15 NY3d 824, 826 [2010]), and we decline to review it in the interest of justice.

The jury's first note, which requested certain trial exhibits and a readback of a portion of the testimony of one witness, was ministerial in nature (*see People v Ochoa*, 14 NY3d 180, 188 [2010]; *see also People v Ziegler*, 78 AD3d 545 [1st Dept 2010], *lv denied* 16 NY3d 838 [2011]), and "any input by counsel would have been minimal" (*People v Snider*, 49 AD3d 459, 460 [1st Dept 2008], *lv denied* 11 NY3d 795 [2008]). In any case, with respect to the part of the note requesting a readback, defendant fails to demonstrate a mode of proceedings error since the record shows that the court read that specific request into the record in open court and gave notice of its intent to comply with the request (*see Starling*, 85 NY2d at 516). Moreover, there was no mode of proceedings error with respect to the remaining portion of the first jury note, which identified specific exhibits requested for review, because before deliberations began, defense counsel had expressly agreed to permit the jury to examine the exhibits in evidence upon request (*see People v Green*,

82 AD3d 593, 593 [1st Dept 2011], *lv denied* 17 NY3d 816 [2011]).

As for the second jury note, the court read the note into the record and provided notice of its intended response before recalling the jury into the courtroom, and defendant's unsupported contention that his counsel was denied the opportunity to participate meaningfully in crafting the court's response does not rise to the level required for defendant to overcome the presumption of regularity (*see Velasquez*, 1 NY3d at 48). To the extent defendant objects, for the first time on appeal, to the substance of the supplemental jury charge given in response to the second jury note, such objection is unpreserved (*see Starling*, 85 NY2d at 516).

Finally, defendant's challenge to the procedure employed by the court in responding to the third jury note is without merit, since the record reveals that the court read the note verbatim into the record before advising counsel that it would give the jury "quick summaries." To the extent this procedure departed from the recommended procedure set forth in *O'Rama*, such departure does not amount to a mode of proceedings error and defense counsel's failure to timely voice any objection renders the claim unpreserved.

We have considered and rejected defendant's remaining arguments concerning the *O'Rama* issues.

The court properly denied defendant's suppression motion. Defendant's arguments concerning the initial intrusion into his pocket are similar to arguments this Court rejected, without elaboration, on a codefendant's appeal (*People v Butler*, 81 AD3d 484, 485 [1st Dept 2011], *lv denied* 16 NY3d 893 [2011]), and are in any event unavailing. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Renwick and Manzanet-Daniels, JJ.