Rivera, J.
(concurring). I concur in the result only, and agree with the majority that defendant’s convictions must be reversed, but on different grounds. Moreover, because I find the majority’s analysis an unnecessary and overly broad reading of our case law on the proper handling of jury requests, I decline to join its interpretation of the legal requirements set by this Court in this area.
In People v O’Rama (78 NY2d 270, 276-277 [1991]), this Court held that CPL 310.30 imposes on a court the duty to notify counsel of a substantive juror inquiry, and the duty to meaningfully respond to the jury. In accordance with our interpretation of CPL 310.30, an utter failure to respond cannot be termed “meaningful” in any sense of the word (see People v Lourido, 70 NY2d 428, 435 [1987]). Furthermore, we recently reaffirmed in People v Walston (23 NY3d 986, 989 [2014]) that fulfillment of these duties is a core responsibility of the trial court. Thus, the court’s failure to fulfil these responsibilities constitutes a mode of proceedings error, which does not require preservation (id.; People v Alcide, 21 NY3d 687, 692 [2013] [a mode of proceedings error will result where a judge fails to afford meaningful response to the jury]). This error also requires reversal and a new trial (People v Roberites, 115 AD3d 1291, 1293 [2014] [court’s failure to provide notice to counsel constituted a mode of proceedings error which requires reversal and a new trial]).
As the majority correctly describes, the jury note expressed the jurors’ desire to review the evidence of the benefits accorded to Anthony Hilton and Seprel Turner, which obliged the court to provide evidence relating to both witnesses.* However, the court failed to provide any information at all regarding the *229 benefits granted to Hilton, notwithstanding the existence of testimony in the record readily available to address such a request. Thus, on the facts of this case, the court’s response to the jury’s request to review information relating to Hilton was no response at all, and as such constituted a mode of proceedings error under our O’Rama jurisprudence. That error requires reversal and, therefore, there is no need to consider, as the majority does, whether Supreme Court abused its discretion.
Judges Pigott, Stein and Fahey concur; Judge Rivera concurs in result in a separate opinion in which Chief Judge Lippman concurs.
Order reversed and a new trial ordered.

 The fact that the inquiries were included in one jury note is irrevelant for purposes of the analysis because a court’s duty to provide a meaningful *229 response for each, request remains unchanged, and a complete failure to reply to any inquiry is error (see People v Stocks, 101 AD3d 1049, 1051 [2d Dept 2012] [finding O’Rama violation where court failed to provide defense counsel with notice of jury note, which contained, in part, a substantive request]; see also People v Brown, 125 AD3d 1550 [4th Dept 2015] [treating one note with multiple requests as separate inquiries and finding no O’Rama violation where defense counsel participated in the formulation of a response to the factual inquiries, and did not preserve for review the court’s response to the part of the note concerning the readback of testimony]; People v Jackson, 105 AD3d 607 [1st Dept 2013] [finding no violation but analyzing different parts of one note separately]).