People v Dunham (2019 NY Slip Op 03886)





People v Dunham


2019 NY Slip Op 03886


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9320 850/09

[*1]The People of the State of New York, Respondent,
v
Jermaine Dunham, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J. at suppression hearing; Bruce Allen, J. at jury trial and sentencing), rendered January 4, 2011, convicting defendant of criminal possession of weapon in the second degree, and sentencing him to a term of 4½ years, unanimously affirmed.
The court did not violate defendant's rights under CPL 310.30 and People v O'Rama (78 NY2d 270 [1991]) by failing to place on the record and discuss in advance with the attorneys a jury note requesting exhibits, consisting of a revolver and all of the photographs within an unambiguously defined category. Notes that only require the ministerial act of sending exhibits into the jury room do not implicate the requirements of O'Rama (People v Ziegler, 78 AD3d 545 [1st Dept 2010], lv denied 16 NY3d 838 [2011]) Moreover, the parties had explicitly agreed that the jurors could see exhibits "without going on the record" (see People v Green, 82 AD3d 593 [1st Dept 2011], lv denied 17 NY3d 816 [2011]). There was nothing about the content of either branch of the jury's request, or the parties' stipulation, that called for input from counsel, and we find defendant's arguments to the contrary unpersuasive.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reason provided by the prosecutor for the challenge in question was not pretextual. This finding is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The prosecutor explained that the panelist's demeanor displayed hesitation, suggesting an attempt to evade questions. The court understood the prosecutor's explanation to be demeanor-based, and it expressly stated that it had made similar observations of the panelist's demeanor. Although not required to deny a Batson claim, such observations by the court itself are of "great importance" (Thaler v Haynes, 559 US 43, 49 [2010]).
The hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK